IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SIGHTSOUND TECHNOLOGIES, LLC, | ) ) ) | Case No. 2:11-cv-01292-DWA<br>Honorable Judge Donetta W. Ambrose |
| Plaintiff, | ) ) | |
| v. | ) ) | JURY TRIAL DEMANDED |
| APPLE INC., | ) ) | |
| Defendant. | ) ) | |

## DEFENDANT APPLE INC.'S ANSWER AND COUNTERCLAIMS
## TO PLAINTIFF'S OCTOBER 10, 2011 COMPLAINT

Defendant Apple Inc. ("Apple") answers the October 10, 2011 Complaint of plaintiff

SightSound Technologies LLC, ("SightSound") as follows.  The numbered paragraphs below

correspond to the numbered paragraphs of the Complaint.

### NATURE OF ACTION

1.      Apple denies the allegations of Paragraph 1 of the Complaint, except that Apple

admits that the Complaint purports to present a patent infringement action under U.S. Patent

Nos. 5,191,573 ("the '573 patent"), 5,675,734 ("the '734 patent"), and 5,966,440 ("the '440

patent") (collectively, "the patents-in-suit") against Apple, and that Complaint states that

SightSound seeks damages.  Apple denies that it infringed or infringes any of the '573, '734, and

'440 patents.

2.      Apple lacks knowledge or information sufficient to form a belief about the truth

of the allegations in Paragraph 2 of the Complaint, and therefore denies those allegations.

3.      Apple admits that it is a corporation organized and existing under the laws of the

State of California, with its principal place of business located at One Infinite Loop, Cupertino,

California 95014.

{01310742}

## JURISDICTION AND VENUE

4.      Apple denies the allegations of Paragraph 4 of the Complaint, except that Apple admits that Paragraph 4 purports to base this Court's subject matter jurisdiction on Title 28 U.S.C. § 1338(a), and Title 35 U.S.C. § 281.

5.      Apple denies the allegations of Paragraph 5 of the Complaint, except that Apple admits that it has conducted business in the Western District of Pennsylvania.

6.      Apple denies the allegations of Paragraph 6 of the Complaint, except that Apple admits that the Complaint purports that venue is proper in the Western District of Pennsylvania pursuant to §§ 1391(b), 1391(c) and 1400(b).  Apple denies that venue in this district is convenient or in the interests of justice under 28 U.S.C. § 1404(a).  Apple denies that it has committed or intends to commit any acts of infringement in this District.

## RELATED CASES

7.      Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint, and therefore denies those allegations.

8.      Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint, and therefore denies those allegations.

9.      Apple admits that Napster, Inc. submitted an *ex parte* reexamination request to the PTO on January 31, 2005, which was granted.

10.     Apple admits the allegations of Paragraph 10 of the Complaint.

11.     Apple admits the allegations of Paragraph 11 of the Complaint.

12.     Apple admits the allegations of Paragraph 12 of the Complaint.

## BACKGROUND

13.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint, and therefore denies those allegations.

14.     Apple denies the allegations of Paragraph 14 of the Complaint, except that Apple admits that the patents-in-suit contain system claims and method claims directed to digital video or digital audio signals.

## COUNT ONE – INFRINGEMENT OF U.S. PATENT NO. 5,191,573

15.     Apple incorporates by reference its responses to Paragraphs 1 through 14 as set forth above.

16.     Apple denies the allegations of Paragraph 16 of the Complaint.

17.     Apple denies the allegations of Paragraph 17 of the Complaint.

18.     Apple denies the allegations of Paragraph 18 of the Complaint.

19.     Apple denies the allegations of Paragraph 19 of the Complaint.

20.     Apple denies the allegations of Paragraph 20 of the Complaint.

## COUNT TWO – INFRINGEMENT OF U.S. PATENT NO. 5,675,734

21.     Apple incorporates by reference its responses to Paragraphs 1 through 20 as set forth above.

22.     Apple denies the allegations of Paragraph 22 of the Complaint.

23.     Apple denies the allegations of Paragraph 23 of the Complaint.

24.     Apple denies the allegations of Paragraph 24 of the Complaint.

25.     Apple denies the allegations of Paragraph 25 of the Complaint.

26.     Apple denies the allegations of Paragraph 26 of the Complaint.

## COUNT THREE – INFRINGEMENT OF U.S. PATENT NO. 5,966,440

27.     Apple incorporates by reference its responses to Paragraphs 1 through 26 as set forth above.

28.     Apple denies the allegations of Paragraph 28 of the Complaint.

29.     Apple denies the allegations of Paragraph 29 of the Complaint.

30.     Apple denies the allegations of Paragraph 30 of the Complaint.

31.     Apple denies the allegations of Paragraph 31 of the Complaint.

32.     Apple denies the allegations of Paragraph 32 of the Complaint.

## PRAYER FOR RELIEF

As to any prayer for relief sought from Apple, Apple denies that SightSound is entitled to any relief whatsoever.

## GENERAL DENIAL

Apple denies all allegations not expressly admitted.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense (Invalidity)

One or more claims of the patents-in-suit is invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including but not limited to §§ 101, 102, 103, 112 and/or 120 thereof.

### Second Affirmative Defense (Non-Infringement)

Apple is not infringing and has not infringed, either by direct infringement, contributory infringement, inducement of infringement, or otherwise, any valid claim of the patents-in-suit, either literally or under the doctrine of equivalents.

### Third Affirmative Defense (Prosecution History Estoppel)

To the extent that SightSound alleges infringement under the doctrine of equivalents, SightSound's alleged cause of action is barred, including, without limitation, by way of example, under the doctrine of prosecution history estoppel, claim vitiation, and/or recapture. By virtue of statements made, amendments made, or positions taken during the prosecution of the applications for the patents-in-suit and applications to which the patents-in-suit claim priority, or during the reexamination of the patents-in-suit, SightSound is estopped from asserting that the patents-in-suit cover or include any accused Apple product or service.

### Fourth Affirmative Defense (Limitations on Damages and Costs)

SightSound's claims for damages or costs, if any, are statutorily limited by 35 U.S.C. §§ 252 and 307(b), 286, 287, and/or 288, and may additionally be limited by 28 U.S.C. § 1498.

### Fifth Affirmative Defense (Failure to State a Claim)

SightSound has failed to state a claim upon which relief can be granted.

### Sixth Affirmative Defense (Lack of Standing)

Upon information and belief, SightSound does not have standing to bring any or all of the claims in its April 25, 2011 First Amended Complaint because SightSound does not own and has

less than all substantial rights to one or more of the patents-in-suit, and has not joined the owner of one or both of the patents-in-suit in the claims.

### Seventh Affirmative Defense (Other Defenses)

Apple expressly reserves the right to assert any other legal or equitable defenses to which it is shown to be entitled.

### COUNTERCLAIMS

For counterclaims against SightSound, Apple alleges as follows:

### THE PARTIES

1.  Counterclaimant Apple Inc. ("Apple") is a corporation organized and existing under the laws of the State of California with its principal place of business located at One Infinite Loop, Cupertino, California 95014.

2.  Counter-defendant SightSound Technologies, LLC ("SightSound") alleges in Paragraph 2 of its October 10, 2011 Complaint ("Complaint") that it is a corporation organized under the laws of the State of Delaware and that its principal place of business is located at 311 South Craig Street Suite 104, Pittsburgh, PA 15213.

### JURISDICTION AND VENUE

3.  These counterclaims arise under the Patent Laws of the United States, 35 U.S.C. §§ 100 et seq., and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4.  On October 10, 2011, SightSound filed the Complaint initiating this action.

5.  U.S. Patent No. 5,191,573 ("the '573 patent"), issued on March 2, 1993 and is titled "Method for Transmitting a Desired Digital Video or Audio Signal." The '573 patent was subject to an *ex parte* reexamination which was requested on January 31, 2005. A reexamination certificate was issued on November 30, 2010. SightSound states in its Complaint that it is the owner by assignment of all right, title and interest in the '573 patent.

6.  U.S. Patent No. 5,675,734 ("the '734 patent"), issued on October 7, 1997 and is titled "System for Transmitting Desired Digital Video or Audio Signals." The '734 patent was subject to an *ex parte* reexamination which was requested on January 31, 2005. A reexamination

certificate was issued on December 14, 2010.  SightSound states in its Complaint that it is the owner by assignment of all right, title and interest in the '734 patent.

7.      US. Patent No. 5,966,440 ("the '440 patent"), issued on October 12, 1999 and is titled "System and Method for Transmitting Desired Digital Video or Digital Audio Signals." The '440 patent was subject to an *ex parte* reexamination which was requested on January 31, 2005.  A reexamination certificate was issued on July 27, 2010.  SightSound states in its Complaint that it is the owner by assignment of all right, title and interest in the '440 patent.

8.      Collectively, the '573 patent, '734 patent, and '440 patent comprise the "patents-in-suit."

9.      Apple is not infringing and has not infringed any valid claim of the patents-in-suit, by direct infringement, contributory infringement, or inducement of infringement, either literally or under the doctrine of equivalents.

10.      One or more of the claims of the patents-in-suit are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, including without limitation §§ 101, 102, 103, 112 and/or 120 thereof.

11.      An actual, substantial, and continuing justiciable controversy exists between Apple and SightSound with respect to which Apple requires a declaration of rights by this Court. At present, the controversy relates to non-infringement and invalidity of the patents-in-suit.

12.      This Court has subject matter jurisdiction over the counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201.

13.      This Court has jurisdiction over SightSound because SightSound has brought suit in this forum alleging patent infringement against Apple.

14.      Apple maintains its right to seek a transfer of venue on forum non conveniens grounds or pursuant to 28 U.S.C. § 1404.  In the event of such transfer, Apple consents to the transfer of its counterclaims set forth herein to the transferee forum.  To the extent that this action remains in this district, venue is proper in this district because SightSound has invoked the

jurisdiction of this Court by filings its claim for patent infringement in this Court, in response to which these counterclaims are asserted.

## FIRST COUNTERCLAIM

### (Patent Non-infringement of '573 Patent)

15.    Apple repeats and realleges the allegations contained in Paragraphs 1 through 14 of the Counterclaims as if set forth at length herein.

16.    An actual justiciable controversy exists between Apple and SightSound concerning the alleged infringement of the '573 patent by virtue of the allegations of SightSound's Complaint in this action.

17.    Apple does not infringe and has not infringed, directly or indirectly, or contributed to infringement of another, or actively induced others to infringe, any valid claim of the '573 patent, either literally or under the doctrine of equivalents.

18.    A declaratory judgment of non-infringement of the '573 patent by Apple is appropriate at this time.

## SECOND COUNTERCLAIM

### (Patent Non-infringement of '734 Patent)

19.    Apple repeats and realleges the allegations contains in Paragraphs 1 through 14 of the Counterclaims as if set forth at length herein.

20.    An actual justiciable controversy exists between Apple and SightSound concerning the alleged infringement of the '734 patent by virtue of the allegations of SightSound's Complaint in this action.

21.    Apple does not infringe and has not infringed, directly or indirectly, or contributed to infringement of another, or actively induced others to infringe, any valid claim of the '734 patent, either literally or under the doctrine of equivalents.

22.    A declaratory judgment of non-infringement of the '734 patent by Apple is appropriate at this time.

### THIRD COUNTERCLAIM

### (Patent Non-infringement of '440 Patent)

23.     Apple repeats and realleges the allegations contains in Paragraphs 1 through 14 of the Counterclaims as if set forth at length herein.

24.     An actual justiciable controversy exists between Apple and SightSound concerning the alleged infringement of the '440 patent by virtue of the allegations of SightSound's Complaint in this action.

25.     Apple does not infringe and has not infringed, directly or indirectly, or contributed to infringement of another, or actively induced others to infringe, any valid claim of the '440 patent, either literally or under the doctrine of equivalents.

26.     A declaratory judgment of non-infringement of the '440 patent by Apple is appropriate at this time.

### FOURTH COUNTERCLAIM

### (Patent Invalidity of '573 Patent)

27.     Apple repeats and realleges the allegations contained in Paragraphs 1 through 14 of the Counterclaims as if set forth at length herein.

28.     An actual justiciable controversy exists between Apple and SightSound concerning the validity of the '573 patent by virtue of the allegations of SightSound's Complaint in this action.

29.     One or more claims of the '573 patent are invalid for failure to comply with one or more of the requirements of patentability stated in Title 35, United States Code, and particularly the requirements of one or more of 35 U.S.C. §§ 101, 102, 103, 112 and/or 120.

30.     A declaratory judgment of invalidity of the '573 patent is appropriate at this time.

### FIFTH COUNTERCLAIM

### (Patent Invalidity of '734 Patent)

31.     Apple repeats and realleges the allegations contained in Paragraphs 1 through 14 of the Counterclaims as if set forth at length herein.

32.     An actual justiciable controversy exists between Apple and SightSound concerning the validity of the '734 patent by virtue of the allegations of SightSound's Complaint in this action.

33.     One or more claims of the '734 patent are invalid for failure to comply with one or more of the requirements of patentability stated in Title 35, United States Code, and particularly the requirements of one or more of 35 U.S.C. §§ 101, 102, 103, 112 and/or 120.

34.     A declaratory judgment of invalidity of the '734 patent is appropriate at this time.

## SIXTH COUNTERCLAIM

### (Patent Invalidity of '440 Patent)

35.     Apple repeats and realleges the allegations contained in Paragraphs 1 through 14 of the Counterclaims as if set forth at length herein.

36.     An actual justiciable controversy exists between Apple and SightSound concerning the validity of the '440 patent by virtue of the allegations of SightSound's Complaint in this action.

37.     One or more claims of the '440 patent are invalid for failure to comply with one or more of the requirements of patentability stated in Title 35, United States Code, and particularly the requirements of one or more of 35 U.S.C. §§ 101, 102, 103, 112 and/or 120.

38.     A declaratory judgment of invalidity of the '440 patent is appropriate at this time.

## PRAYER FOR RELIEF

WHEREFORE, Apple respectfully requests judgment:

A.      That SightSound take nothing by its Complaint;

B.      Dismissing SightSound's Complaint against Apple with prejudice, and that all relief requested by SightSound be denied with prejudice;

C.      Declaring that Apple does not infringe and has not infringed any claim of the patents-in-suit;

C.      Declaring that each of the claims of the patents-in-suit is invalid;

D.      Finding that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Apple its costs and disbursements of this action, including its reasonable attorneys' fees, and any and all other damages as Apple may prove;

E.      Enjoining SightSound, its successors, affiliates, agents, employees and attorneys, and those persons in active concert of participation with any of them, from directly or indirectly asserting infringement of, or instituting any further action of infringement of, any of the patents-in-suit against Apple or any of Apple's successors, assigns, agents, direct or indirect customers, partners or suppliers; and

F.      Awarding to Apple such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Apple respectfully requests a trial by jury on all issues so triable.

Dated: December 12, 2011

By: */s/ Robert J. Ridge*
 Robert J. Ridge
 *rridge@thorpreed.com*
 William M. Wycoff
 *wwycoff@thorpreed.com*
 **THORP, REED & ARMSTRONG**
 301 Grant Street
 One Oxford Centre, 14th Floor
 Pittsburgh, PA 15222-4895
 (412) 394-7711

James R. Batchelder (Admitted Pro Hac Vice)
*james.batchelder@ropesgray.com*
**ROPES & GRAY LLP**
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303-2284
Phone: (650) 617-4000
Facsimile: (650) 617-4090

Ching-Lee Fukuda (Admitted Pro Hac Vice)
*ching-lee.fukuda@ropesgray.com*
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY 10036
Phone:  (212) 596-9000
Facsimile: (212) 596-9090

Attorneys for Defendant
**APPLE INC.**

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SIGHTSOUND TECHNOLOGIES, LLC,     ) | Case No. 2:11-cv-01292-DWA |
| ) | Honorable Judge Donetta W. Ambrose |
| Plaintiff,     ) | |
| ) | |
| v.     ) | |
| ) | JURY TRIAL DEMANDED |
| APPLE INC.,     ) | |
| ) | |
| Defendant.     ) | |

## **CERTIFICATION OF SERVICE**

I hereby certify that on December 12, 2011, I electronically submitted the attached

document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file,

the Clerk of Court will transmit a Notice of Electronic Filing to all ECF Registrants in this action.

/s/  *Robert J. Ridge*

{01310742}