**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SIGHTSOUND TECHNOLOGIES, LLC, )<br><br>Plaintiff, )<br><br>v. )<br><br>APPLE INC., )<br><br>Defendant. ) | Civil Action No. 2:11-cv-01292-DWA<br><br>Honorable Judge Donetta W. Ambrose |

**JOINT SUBMISSION REGARDING PROCEDURE FOR BRIEFING AND**
**MINI-TRIAL/HEARING ON APPLE'S DEFENSES OF ESTOPPEL AND LACHES**

Plaintiff SightSound Technologies, LLC ("Plaintiff" or "SightSound") and Defendant

Apple Inc. ("Defendant" or "Apple") hereby submit their proposals regarding the procedure for

briefing and mini-trial/hearing on Apple's equitable defenses of estoppel and laches, as set forth

in the Court's Order dated March 19, 2012 (Dkt. No. 51).

## I.     APPLE'S PROPOSAL

Apple proposes the procedure below for the briefing and mini-trial on Apple's defenses

of estoppel and laches.  Apple believes that its proposal, which would enable a two-day mini-

trial this summer on estoppel/laches issues, is better aligned than SightSound's with the Court's

directive that the estoppel/laches dispute be resolved quickly at the outset of this case.  By

contrast, SightSound's proposal would delay any trial of estoppel/laches issues until trial of all

other disputed issues at the end of the case.  Relatedly, SightSound's proposal ignores that a

ruling in Apple's favor on estoppel/laches would moot all or most of the parties' remaining

disputes.

A.      **Pre-Trial Briefing**

The parties' pre-trial briefs on Apple's defenses of estoppel and laches may be supported by documents produced by either party, deposition testimony, and declarations.  If a party's declaration introduces subject matter about which the declarant did not testify in a previous deposition, the opposing party may depose such declarant.  Any such deposition will not count toward the total number of 10 depositions allotted in the case.  However, all depositions in this case, including those pursuant to this paragraph, shall count toward the total limit of 70 hours of depositions per side.

B.      **Mini-Trial**

The mini-trial on Apple's defenses of estoppel and laches shall take place over 2 days. The order of presentation at trial shall be (1) Apple presents its case on its defenses of estoppel and laches, (2) SightSound presents its case opposing Apple's defenses, and (3) Apple presents its rebuttal case.  Each party has 5 total hours to present its case, including 30 minutes per party for opening arguments and 2 hours per party for closing arguments.  Each party may call up to three live witnesses and/or play an unlimited number of deposition excerpts.  All documents produced by either party in this litigation are deemed authenticated for the limited purpose of this mini-trial.  All declarations introduced during pre-hearing briefing may also be submitted as admissible evidence for the limited purpose of this mini-trial.  All other objections must be resolved prior to trial.

C.      **Post-Hearing Briefing**

Each party may simultaneously submit a post-trial brief limited to 25 pages in length at a time to be decided by the parties.

30743031_1

**D.      Apple's Proposal Is Consistent With The Court-Ordered Procedure**

In the Court's March 19, 2012 Scheduling Order (Dkt. No. 49), the Court set a "Hearing on laches/estoppel" to take place "After June 29, 2012 at the Court's convenience." Apple's proposal specifies that the referenced hearing be an evidentiary hearing, and lays out the time parameters and ground-rules for that hearing. Far from "seeking to entirely rewrite the process," as SightSound accuses below, Apple is merely seeking to effectuate that process.

It is also important to note that Apple's proposal would not require either party to present live testimony. Either party, or both, could choose to base its closing argument solely on deposition and documentary evidence. But Apple's proposal would allow each party to use its allotted time as it sees fit, including to present live testimony. In contrast, SightSound proposes that "live testimony" on estoppel/laches be banned from the referenced hearing, and instead "should be deferred" until all other disputed issues in this matter are subjected to full discovery and vetted for trial. Apple believes that SightSound's proposal departs from the Court's directive during the March 1, 2012 Case Management Conference—that the estoppel/laches issues would be resolved at the outset of the case, in part because they are straightforward and require limited discovery, and because a ruling in favor of those defenses would obviate the parties' other disputes.

Finally, contrary to SightSound's suggestion below, Apple does not propose that there be "no prior disclosure of trial witnesses." If the Court rules that the parties may present live testimony at the referenced hearing, Apple proposes that the parties meet-and-confer about when such witnesses will be disclosed.

30743031_1

II.     **SIGHTSOUND'S PROPOSAL**

        A.     **The Existing Court-Ordered Procedure Reflects the Limited Laches Proceeding Agreed to by The Parties**

At the time of this Court's first Case Management Conference, Apple requested that the issue of laches be subject to some form of early adjudication, presumably on the representation that the issue of laches would be easy to resolve and might lead to an early resolution of this matter.  Pursuant to the Court's Order (*see* Dkt. No. 39), SightSound and Apple met and conferred and agreed to a schedule that has now been entered as an Order of the Court.  *See* Dkt. No. 49 (Joint Stipulation Regarding Proposed Schedule for Hearing on Laches/Estoppel); Dkt. No. 50 (Order re same).  The Stipulation and Order Regarding Laches provides:  (1) laches/estoppel related discovery to be conducted from March 23, 2012 to May 18, 2012;  (2) opening briefs to be served on June 8, 2012;  (3)  responsive briefs to be served on June 29, 2012; and (4) a hearing after June 29, 2012 at the Court's convenience.

Now, after having obtained a schedule and an Order of Court based on the idea that laches could be quickly and sufficiently resolved through briefing and a hearing, Apple is seeking to entirely rewrite the process.  Apple proposes a full trial with up to 6 live witnesses regarding laches (with no prior disclosure of trial witnesses), continuing deposition discovery during the briefing period (long after the close of the agreed-to laches discovery period) and full post-trial briefing.  This is not the process that the Court ordered or to which SightSound agreed.

        B.     **SightSound's Proposal Regarding Resolution of Laches**

Rather than change the rules midstream, SightSound proposes that the schedule remain as it has been ordered.  This will allow for a fair opportunity for the laches issue to be decided, even dispositively.  But it will also prevent the time-consuming, expensive and burdensome process that Apple's seeks to now impose on SightSound and the Court.

4

30743031_1

Specifically, SightSound proposes that the parties be permitted to file opening and responsive briefs (as agreed and ordered) with evidence by way of depositions, documents and declarations.  SightSound proposes that the Court conduct a hearing (as agreed and ordered). SightSound submits that, to the extent the Court determines that the issue of laches can be determined on the papers (*i.e.*, as a matter of summary judgment <u>or</u> as a decision on the merits), SightSound offers no objection to resolution of the issue of laches on the papers and argument. If the Court, after argument, determines that a trial proceeding would be helpful to evaluate the credibility of witnesses on relevant issues, then such live testimony should be deferred to the <u>actual</u> trial of this matter, or to such other time as the Court orders.  Setting this issue for a separate trial now merely allows Apple the opportunity for multiple seriatim defensive proceedings, delays resolution of the case in chief, subjects SightSound to excessive burden, and directly disproves Apple's contention that the resolution of the laches claim would be "quick and efficient."

30743031_1

Dated: June 1, 2012

Respectfully submitted,

*/s/ Michael A. Berta (w/ permission JRB)*
Michael A. Berta

James DiBoise (Pro Hac Vice)
*james.diboise@aporter.com*
Michael A. Berta (Pro Hac Vice)
*michael.berta@aporter.com*
**ARNOLD & PORTER LLP**
One Embarcadero Center
22nd Floor
San Francisco, California 94111
Telephone: (415) 356-3000
Facsimile: (415) 356-3099

Matthew Wolf (Pro Hac Vice)
*matthew.wolf@aporter.com*
Marc Cohn (Pro Hac Vice)
*Marc.cohn@aporter.com*
**ARNOLD & PORTER LLP**
555 Twelfth Street, NW
Washington, DC 20004
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

Russell J. Ober, Jr.
*rjo@muslaw.com*
**MEYER, UNKOVIC & SCOTT LLP**
Suite 1300, Oliver Building
535 Smithfield Street, Suite 1300
Pittsburgh, PA 15222
Telephone: (412) 456-2800
Facsimile: (412) 456-3255

Attorneys for Plaintiff
**SIGHTSOUND TECHNOLOGIES, LLC**

*/s/ James R. Batchelder*_____
James R. Batchelder

James R. Batchelder (Pro Hac Vice)
*james.batchelder@ropesgray.com*
**ROPES & GRAY LLP**
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303-2284
Telephone: (650) 617-4000
Facsimile: (650) 617-4090

Ching-Lee Fukuda (Pro Hac Vice)
*ching-lee.fukuda@ropesgray.com*
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY 10036
Telephone:  (212) 596-9000
Facsimile: (212) 596-9090

Robert J. Ridge
*rridge@thorpreed.com*
**THORP, REED & ARMSTRONG**
301 Grant Street
One Oxford Centre, 14th Floor
Pittsburgh, PA 15222-4895
Telephone: (412) 394-7711
Facsimile: (412) 394-2555

Attorneys for Defendant
**APPLE INC.**

30743031_1