IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SIGHTSOUND TECHNOLOGIES, LLC.,   )
                                 )
    Plaintiff,                   ) No. 11-1292
                                 )
v.

APPLE, INC.

    Defendant.

**MEMORANDUM ORDER**

    Before the Court are the parties' submissions regarding the potential disqualification of David Cohen, Special Master for e-discovery in this matter. On August 15, 2012, Mr. Cohen advised the parties that his law firm, Reed Smith, represents General Electric, which Plaintiff had identified on its disclosure statement filed in October, 2011, as a corporate affiliate. Mr. Cohen had never seen the disclosure statement, and the affiliation had not been revealed when the law firm ran its original conflicts check. Presently, Defendant objects to Mr. Cohen's continuation as Special Master, and Plaintiff contends that Defendant has waived that objection.

    Defendant asserts that this Court, and Mr. Cohen, failed to abide by the dictates of Fed. R. Civ P. 53(b)(3) and 28 U.S.C. 455. Rule 53 provides, in pertinent part, as follows: "A master must not have a relationship to the parties…that would require disqualification of a judge under 28 U.S.C. § 455, unless the parties, with the court's approval, consent to the appointment after the master discloses any potential grounds for disqualification." Section 455, in turn, sets forth several circumstances that require a judge to disqualify himself:

    (a) Any justice, judge, or magistrate [magistrate judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
   (i) Is a party to the proceeding, or an officer, director, or trustee of a party;
   (ii) Is acting as a lawyer in the proceeding;
   (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
   (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

I need not reach the issue of whether Defendant has waived its objection to Mr. Cohen's participation, because the law does not require his disqualification. Section 455(b) does not require disqualification of a judge – and by extension under Rule 35, a Special Master – merely because of that individual's law firm's representation of a party. There is absolutely no suggestion that any lawyer in Mr. Cohen's firm has provided services regarding the matter in controversy. Defendant does not suggest, and nor do I discern, any mandatory grounds for disqualification under Section 455(b).

Moreover, I find that Mr. Cohen's impartiality in this matter cannot reasonably be questioned. Mr. Cohen has advised the parties and the Court that he has no knowledge of his law firm's work for GE, that he has not been working on any matters for GE, and that the law firm has put an "ethical screen" in place to ensure that no personnel who work on any GE matter have

any involvement in the present case, and vice versa, and that no information is shared. He also advised that prior to August 15, 2012, he was unaware of any connection between Plaintiff and GE. He expressed his confidence that he can continue unbiased by the relationship between GE and Plaintiff, just as he is unbiased by previously disclosed relationships between lawyers in his firm and affiliates of Defendant. I, too, am confident that Mr. Cohen's performance in his limited, non-factfinding role as e-discovery Special Master will not be affected by the newly disclosed information. Therefore, I find no reason to disqualify Mr. Cohen under Section 455(a).

Nonetheless, I emphasize that the failure to make such record disclosures is not to be taken lightly. Indeed, as has occurred in this case, late disclosure tends to create potentially disruptive and time-consuming disputes. It is clear that, had I ordered Mr. Cohen to make disclosure at the time of his appointment, the present dispute would not have come to light – because at that time, Mr. Cohen and his firm did not uncover the potential conflict. While it is unclear why the law firm's original conflicts check did not reveal the relationship between GE and Plaintiff, I trust that improved checks, and disclosures, will be made in the future.

AND NOW, this 7th day of September, 2012, IT IS SO ORDERED.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court