IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SIGHTSOUND TECHNOLOGIES, LLC.,   )
                                 )
    Plaintiff,                   )  No. 11-1292
                                 )
v.

APPLE, INC.

    Defendant.

**MEMORANDUM ORDER**

Plaintiff has moved to strike Defendant's objections to the Discovery Special Master's Report and Recommendation dated October 17, 2012, on work product and privilege issues. Plaintiff complains that the Objections were untimely, pursuant to my March 3, 2012 Order appointing the Special Master. That Order stated as follows:

> …I provide the following guidelines to be strictly adhered to by the parties and the Special Master.
> \*\*\*
> 4. The Special master shall rule upon the dispute within 5 business days of receipt of the last permitted Brief.
> 5. A party may file an Objection to the Special Master's Order within 3 business days of the filing of the Order, and Responses thereto must be filed within 3 business days of the filing of the Objection.

According to Plaintiff, the R & R placed onto the docket, at Defendant's request, the Special Master's rulings previously issued on June 3, 2012, apparently following a May 25 telephone conference between the parties and the Special Master. On that date, Mr. Cohen transmitted to the parties, via e-mail, an opinion regarding whether two particular documents, comprising or including e-mails written by Scott Sander, are protected from discovery. Mr. Cohen's e-mail addressed, at length, Plaintiff's reliance on Fed. R. Civ. P. 26(b)(3)(A), and

Defendant's caselaw submitted in opposition thereto.  The e-mail made clear that it constituted Mr. Cohen's opinion regarding the dispute.  Moreover, in closing, Mr. Cohen wrote:

> This opinion is in the form of an email so as not to delay getting it in everyone's hands as soon as possible while laches issues are being briefed.  It would be easy, however, to quickly turn this into a more formal "Report and Recommendation" for filing with the Court, whether for record purposes or to facilitate court review of my recommendation if a party wishes to consider filing exceptions.  Just let me know if either party wishes me to do that.

Plaintiff asserts, and Defendant does not dispute, that several months later Defendant asked Mr. Cohen to docket an R & R.   Mr. Cohen then filed the R & R on October 17, 2012, which repeated his e-mail, substantially unchanged.  Defendant's Objections followed on October 31, 2012.

Apple does not address the period of time between June 3, 2012 and October 17, 2012.  Instead, it simply contends that it was unable to file objections until an R & R was placed on the docket.  It also suggests that its tardiness – i.e., filing Objections fourteen days, rather than three days, after the R & R -- was de minimis, and also inadvertent.   Defendant contends that it will be prejudiced if its Objections are not considered, and that Plaintiff will not be prejudiced.

I understand that Defendant accidentally overlooked the three-day time limitation.  Although I do expect strict adherence to the time limitations stated in my referral Order, I would be less concerned if the only delay at issue was the fourteen-day period between the R & R and Defendant's Objections.  However, on June 3, Defendant was fully aware of the substance of and bases for Mr. Cohen's Opinion, and Mr. Cohen specifically apprised the parties that he could "quickly" turn the opinion into an R & R if exceptions were in the offing.  Defendant has not offered any explanation for the months-long delay in requesting an R & R or indicating, either to Mr. Cohen or to Plaintiff, that objections might be forthcoming.   While I am often loath to place form over substance, this situation presents more than a mere technicality.    One purpose of

appointing a Special Master for discovery is to expedite the resolution of discovery disputes. Mr. Cohen sent his opinion via e-mail in a stated effort to fulfill that very purpose. Permitting the Objections, under all the circumstances present here, would subvert the reasons for both the Special Master and the strict time limits set forth in the referral Order.

For these reasons, I will grant Plaintiff's Motion to Strike [131]. Accordingly, no objections to the Special Master's R & R dated October 17, 2012, and I have considered the R & R accordingly. Upon such consideration, I find that the R & R should be adopted.

AND NOW, this 16th day of November, 2012, it is ordered that the Report and Recommendation of the Special Master set forth at Docket No. 118 is hereby adopted as the opinion of this Court.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court