IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SIGHTSOUND TECHNOLOGIES, LLC )
) No. 11-1292
v. )

APPLE INC.,

**OPINION AND ORDER**

**SYNOPSIS**

Before the Court are Plaintiff's objections to the E-discovery Special Master's ("EDSM") Report and Recommendation ("R & R") filed on December 12, 2012, which declines to make a ruling before Court action. Plaintiff seeks discovery relating to amended infringement contentions, which Defendant resists; the issue before me is whether Plaintiff may pursue those amended infringement contentions.

**OPINION**

**I. BACKGROUND**

The Case Management Order entered in this matter required Plaintiff to disclose its asserted claims and infringement contentions by May 14, 2012. Plaintiff did so, and the parties proceeded on the schedule set for claims construction. On September 14, 2012, Plaintiff advised Defendant that it intended to supplement its infringement contentions, and identified five new patent claims that it intended to add. It noted that updated infringement contentions would be forthcoming. Defendant told Plaintiff that it must first seek leave of court, because the supplement would require construction of additional claim terms and would impact the Court's deadlines.

On October 5, 2012, after the claim construction briefs were filed, without seeking leave of Court, Plaintiff served amended infringement contentions, which added five new claims. At that time, Defendant notified Plaintiff that the contentions would require the construction of additional terms, and named three such terms – "coded," telephoning," and "electronically coding." Plaintiff opined that no additional terms required construction. The claim construction process continued, through hearing, the claims construction Report and Recommendation, and the filing of objections thereto, without either party addressing those terms with Special Master Bradley or the Court. Each party blames the other for not acting on the new terms and contentions at any point before the claims construction process concluded. Subsequently, at the end of November, 2012, Plaintiff brought this issue to the attention of the EDSM, when Defendant resisted discovery relating to the amended infringement contentions. The EDSM declined to rule on whether Defendant must provide discovery, until this Court rules on the propriety of the amended infringement allegations.

**II.   PLAINTIFF'S AMENDMENT**

Local Patent Rule ("LPR") 3.2 governs the timing of disclosure of asserted claims and infringement contentions. LPR 3.7 provides that amendments or modifications of infringement contentions are "permissible, subject to other applicable rules of procedure and disclosure requirements, if made in a timely fashion and asserted in good faith and without delay." The Rule does not address amendments to asserted claims, and clearly contemplates a scenario in which the Court's claims construction ruling supports an amendment to infringement contentions, rather than asserted claims. As Defendant points out, an "applicable rule[] of procedure" is Rule 16(b)(4), pursuant to which "[a] schedule may be modified only for good cause and with the judge's consent." See, e.g., St. Clair Intellectual Prop. Consultants, Inc. v.

Matsushita Elec. Indus. Co., No. 4-1436, 2012 U.S. Dist. LEXIS 40103, at \*\*14-16 (D. Del. Mar. 26, 2012).

> Our local patent rules are "designed to advance the litigation in a timely and efficient manner and make it less expensive." … Amendment under Local Patent Rule 3.7 is committed to the Court's discretion. … the Rules "aim to prevent the vexatious shuffling of positions that could occur if the parties are permitted to freely modify their infringement contentions at any point in the action.

Carnegie Mellon Univ. v. Marvell Tech. Group, No. 9-290, 2012 U.S. Dist. LEXIS 120559, at \*\*19-21 (W. D. Pa. Aug. 24, 2012).

In other words, local patent rules "seek to advance the orderly progression of patent litigation by requiring the parties 'to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed.'" Copper Innovations Group, LLC v. Nintendo Co., No. 7-1752, 2012 U.S. Dist. LEXIS 24512 (W.D. Pa. Feb. 27, 2012). A movant's "right to amend in good faith is far outweighed by its (and the court's) countervailing duty to avoid prejudicing [non]movant] through eleventh hour alterations." King Pharms., Inc. v. Sandoz, Inc., No. 8-5974, 2010 U.S. Dist. LEXIS 50163, at \*13 (D.N.J. May 19, 2010) (quoting CBS Interactive, Inc. v. Etilize, Inc., 257 F.R.D. 195, 203 (N.D. Cal. 2009)).[1]

In this case, it is apparent that Plaintiff's amendment was not limited to infringement contentions, as provided for in LPR 3.7, but included new asserted claims as well; thus, the liberal standard of that Rule does not offer safe harbor. Instead, Plaintiff asserted five claims long after May 14, 2012, when asserted claims were required to be served, and did so without leave of court. Plaintiff points to no rule or ruling that justifies such action under these circumstances. Thus, whether new case law constituted "good cause" for the amendment was not, and is not now, placed before the Court. I need not now opine as to whether and when applicable procedural rules require leave of court for amended infringement contentions, or what

---

[1] Our local patent rule regarding amendments differs from those in the District of New Jersey and the Northern District of California – the latter rules require "good cause" for an amendment. Nonetheless, courts within this judicial district cite to guiding principles underlying the rules in those districts. See, e.g., Best Med. Int'l. 2011 U.S.

constitutes sufficient justification therefor. It is apparent, in any case, that an early motion by either party would have precluded the extant predicament.[2]

Moreover, this is not a mere technicality. As the R & R suggests, discovery will impose additional burdens on Defendant. As the R & R also suggests, this case has progressed to a relatively late stage. <u>Markman</u> proceedings have concluded, the Claims Construction Special Master has filed his Report and Recommendation, and the parties have filed Objections thereto. This Court has already embarked on its process of review. According to Plaintiff, the Court may construe additional terms on summary judgment, or the parties might be able to stipulate as to those terms. Defendant asserts, however, that the parties' meet and confer sessions suggest that they would not, in fact, be able to reach agreement on the terms' constructions. Further, I affirm my preference for Special Master Bradley's involvement in claims construction matters in this case. Overall, there is no question that the subject amendments would add both expense and time to the proceedings.

Certainly, I have no reason to doubt that Plaintiff amended its contentions, in good faith, in fairly immediate response to <u>Akamai Technologies, Inc. v. Limelight Networks, Inc.</u>, 692 F. 3d 1301 (Fed. Cir. 2012), which overruled prior precedent to permit a multi-entity theory of indirect liability. Defendant, however, argues that Plaintiff's initial contentions contain method claims based on multi-entity conduct, and that Plaintiff could have asserted the amendments at an earlier date. In either case, it is incomprehensible that both parties were aware of a live controversy surrounding claims construction and Plaintiff's amended document, which arose soon before the claims construction hearing, and both failed to timely bring it to the attention of the Court or the Claims Construction Special Master.

---

[2] Several cases in this district imply that leave of court prior to amendment is the preferable course. E.g., <u>Best Med. Int'l, Inc. v. Accuray, Inc</u>., No. 10-1043, 2011 U.S. Dist. LEXIS 93607, at *11 n. 7 (W.D. Pa. Aug, 19, 2011).

**CONCLUSION**

I have examined the parties' submissions. Under all of the circumstances, the purposes and philosophies underlying the local patent rules would be undermined if Plaintiff were permitted to proceed with the amended infringement contentions. Moreover, LPR 3.7, on which Plaintiff relies to support its amendment's permissibility, is inapplicable to amended asserted claims. An appropriate Order follows.

**ORDER OF COURT**

AND NOW, this 17th of January, 2013, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiffs' Objections [Docket No. 150] are overruled. Plaintiff may not proceed with its amended infringement contentions.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court