IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SIGHTSOUND TECHNOLOGIES LLC, </br></br>      Plaintiff, Counter-Defendant </br></br> v. </br></br> APPLE, INC. </br></br>      Defendant, Counter-Plaintiff. | Civil Action No. 2:11-cv-01292-DWA </br></br> Honorable Judge Donetta W. Ambrose |

**PLAINTIFF SIGHTSOUND TECHNOLOGIES, LLC'S MEMORANDUM IN SUPPORT OF MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE UNDER FED. R. CIV. P. 41(a)(2) OF PATENT NO. 5,675,734 (COUNT TWO) FROM THIS ACTION, OR IN THE ALTERNATIVE, FOR <u>RECONSIDERATION AND LEAVE TO AMEND</u>**

Plaintiff SightSound Technologies, LLC ("SightSound") respectfully submits this motion, pursuant to Federal Rule of Civil Procedure 41(a)(2), requesting that the Court voluntarily dismiss without prejudice Count Two of the Complaint (ECF No. 1), which contains SightSound's claims with respect to United States Patent Number 5,675,734 (the "'734 patent"). SightSound respectfully requests dismissal of the '734 patent from this case so that SightSound may file a new action asserting claim 1 of the '734 patent, which the Court has ruled cannot proceed in the current action.[1] SightSound understood the Court's January 17, 2013 Order (ECF. No. 160) as foreclosing the possibility of asserting claim 1 of the '734 patent in this action. Pursuing this claim in a separate action is its only option for preserving this claim, which arose only after the change in law resulting from the Federal Circuit's decision in *Akamai Techs., Inc. v. Limelight Networks, Inc.* and

---

[1] Counsel for Apple and counsel for SightSound met and conferred on January 23, 2013, during which Apple refused to agree to a stipulation of dismissal permitting SightSound to file a new action asserting that claim.

*McKesson Techs., Inc. v. Epic Sys. Corp.*, (collectively, "*Akamai*") 692 F.3d 1301 (Fed. Cir. 2012). If SightSound misunderstood the Court's ruling or if the facts identified in this submission give the Court cause to reconsider the possibility of amending to add the new claim to the current action, SightSound requests reconsideration and seeks leave to amend its asserted claims and infringement contentions to assert claim 1 of the '734 patent in the current action.

## FACTUAL BACKGROUND

SightSound filed this patent infringement action against Apple, Inc. ("Apple") on October 10, 2011, asserting infringement claims for three patents relating to the sale of digital audio and video signals over telecommunication lines. *See* Complaint (ECF No. 1) Count Two of the Complaint alleges infringement of one or more claims of the '734 patent. At the time SightSound filed this action, the prevailing law provided that infringement liability for a method claim existed so long as all the steps of the method were committed by a single entity. Thus, SightSound asserted claims that only expressly required action by either a first party or second party, not both. (*See e.g.,* United States Patent Number 5,966,440, ("'440 patent") claim 1 ("selling electronically *by the first party*") (emphasis added).) On August 31, 2012, the Federal Circuit decided *Akamai*, which held that infringement under 35 U.S.C. §271(b) can exist as long as all steps of a method claim are performed, and not necessarily by a single actor. In response, SightSound amended its asserted claims and infringement contentions to assert claim 1 of the '734 patent (as well as claims 11, 60, 71 and 98 of the '440 patent), all of which are clear in reciting multiple actors in performance of the method steps. For instance, among other things, claim 1 of the '734 patent recites telephoning the first party by the second

party and transferring encoded digital signals from the first party memory. Such a claim was not viable prior to *Akamai*.

SightSound notified Apple on September 14, 2012 that in light of *Akamai*, it intended to assert the new claims (which were specifically identified) and amend its infringement contentions, which SightSound formally did on October 5, 2012. SightSound did not seek leave of Court for its amended infringement contentions, and instead based its amendment upon SightSound's then-understanding of LPR 3.7, which SightSound believed was applicable as the new claims were asserted in good faith and without purposes of delay. Apple objected to SightSound's amendment and asserted that SightSound required leave of Court to assert the new claims because they contained the terms "coded," "telephoning" and "electronically coding," which Apple contended required additional claim construction proceedings and thus impacted the case schedule. SightSound did not believe that the new terms required construction, particularly given the guidance provided by Special Master Bradley's Report and Recommendation on Claim Construction (ECF No. 142), construing the terms "telephone lines" and "electronic," but asked Apple to provide proposed constructions for the terms to see if the parties could stipulate to a construction and avoid a dispute. Despite multiple requests, Apple never provided any proposed constructions of the additional terms.[2]

---

[2] Apple's statement that "during meet and confer discussions, SightSound confirmed that it would not have agreed with any construction that Apple may have proposed" is simply misleading. *See* Apple's Response, (ECF No. 153 at 5). SightSound very much wanted to stipulate to constructions for the three identified terms and asked Apple multiple times to propose constructions. What SightSound would not agree to was accepting in advance (prior to Apple proposing a construction) *any construction whatsoever* offered by Apple. Thus, Apple took the position that SightSound could not state with certainty that a stipulated construction could be reached and that the schedule would not be impacted, a position which allowed Apple to continue to argue that the case

Hoping to resolve the issue without the involvement of the Court, SightSound continued to correspond with Apple regarding the propriety of SightSound's amended infringement contentions during October and November 2012, including multiple telephonic meet and confers. When Apple made clear on November 23, 2012 that it would not provide any discovery relating to the amended contentions, SightSound raised the issue to Special Master Cohen for resolution (ECF No. 148). SightSound then raised the propriety of its amended contentions to this Court on December 17, 2012, by filing objections to the E-Discovery Special Master's Report and Recommendation on SightSound's Supplemental Infringement Contentions (ECF No. 150).

On January 17, 2013, the Court ruled that SightSound could not proceed with its amended infringement contentions in this action. Specifically, the Court found that SightSound's reliance on LPR 3.7 was misplaced,[3] as SightSound's amendment was not limited to contentions but added new asserted claims as well, which were required under the LPRs to be disclosed by May 14, 2012 (Order, ECF No. 160 at 3). The Court also noted that the additional claims SightSound sought to assert would impose burdens on Apple and undermine the local patent rules, which "seek to advance the orderly

---

would be delayed by SightSound's amendment instead of determining whether a dispute even existed.

[3]   It is worth noting that, despite extensive correspondence on this issue and briefing to Special Master Cohen regarding the propriety of SightSound's amended infringement contentions, Apple never asserted, until responding to SightSound's Objection to Special Master Cohen's Report and Recommendation on this issue (ECF No. 153), that LPR 3.7 applied only to "contentions" as opposed to "asserted claims." From September 14, 2012 until December 20, 2012, when Apple filed its response, Apple never disputed SightSound's interpretation of LPR 3.7 or advanced the interpretation ultimately adopted by this Court. Instead, Apple's sole basis for asserting that leave was required was Apple's view that claim construction and the case schedule were impacted by SightSound's amendment.

progression of patent litigation by requiring parties 'to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed.'" *Id.* at 3-4 (citing *Copper Innovations Grp., LLC vs. Nintendo Co.*, No. 7-1752, 2012 U.S. Dist. LEXIS 24512 (W.D. Pa. Feb. 27, 2012)).[4]

## ARGUMENT

SightSound respects the Court's decision that SightSound may not amend its infringement contentions to proceed with claim 1 of the '734 patent in the current litigation. SightSound, however, wishes to preserve its rights with respect to this newly available claim.[5] Therefore, SightSound requests that the Court dismiss without prejudice the '734 patent (Count Two) from this action, so that SightSound may file a new action asserting only claims of the '734 patent.[6]

---

[4] SightSound believes Apple has also misapplied LPR 3.7 and made impermissible amendments to its invalidity contentions which include late disclosures of prior art, which SightSound has objected to. Apple was required to provide its invalidity contentions and disclose each item of prior art by July 11, 2012. Despite this requirement, on November 28, 2012, Apple disclosed nearly two dozen items of prior art for the first time, without leave of Court. Although the majority of these references are more than thirty years old, Apple stated that two of the references were "newly discovered" but refused to elaborate further. These references are prejudicial to SightSound, and plainly undermine the LPRs and their purpose as articulated by the Court. SightSound intends to file a motion to strike Apple's late-disclosed prior art references shortly.

[5] SightSound understood the Court's January 17, 2013 Order as foreclosing any possibility of asserting the new claim in the current action, even though a motion for leave to amend has not been formally filed and the issue of "good cause" has not been placed before the Court. If the Court did not so rule, or if the facts herein give the Court cause to reconsider the previous ruling such that the possibility of amending to add the new claim to the current action exists, SightSound will, and hereby does, request reconsideration and seeks leave to amend its infringement contentions to assert claim 1 of the '734 patent in the current action.

[6] SightSound does not intend to assert in any newly filed action claims of the '734 patent that were asserted in this action.

As the Third Circuit has explained, a "liberal policy has been adopted in the voluntary dismissal context," and "Rule 41 motions should be allowed unless the defendant will suffer some prejudice other than the mere prospect of a second lawsuit." *In re Paoli R. R. Yard PCB Litig.*, 916 F.2d 829, 863 (3d Cir. 1990) (internal quotations and citations omitted); *see also Forest Serv. Emps. For Envtl. Ethics v. U.S. Forest Serv.*, No. 08-323, 2009 WL 1324154, at *3 (W.D. Pa. May 12, 2009) ("Dismissals without prejudice generally should be granted by the district court if no prejudicial effects would result for the opposing party.") (citations and quotations omitted). In determining whether to grant a voluntary dismissal, courts consider the (1) "prejudice to the defendant, both in terms of legal prejudice and litigation expense," and (2) "the plaintiff's diligence in bringing the motion and [its] explanation" for seeking dismissal. *Schandelmeier v. Otis Div. of Baker-Material Handling Corp.*, 143 F.R.D. 102, 102-03 (W.D. Pa. 1992) (citations omitted); *see also Dorfsman v. Law Sch. Admission Council, Inc.*, No. 00-306, 2001 WL 1754726, at *1 (E.D. Pa. Nov. 28, 2001) (considering "(1) whether a motion for summary judgment has been filed; (2) the extent of a defendant's efforts and expenses in preparing for trial; (3) the excessive expenses in defending a second action; and (4) insufficient explanation for dismissal by the plaintiff").

Here, there is no prejudice to Apple from adjudicating the '734 patent in a new action related only to that patent. Neither party has filed a motion for summary judgment during the case-in-chief or relating to the patents.[7] Moreover, claim 1 of the '734 patent has not been substantively litigated at all. To the extent there may be some overlap in

---

[7] In March 2012, Apple sought permission to bring an early potentially dispositive motion regarding its affirmative defenses of laches and estoppel (*see* Order, ECF No. 50), which was denied by the Court and resulted in the entry of summary judgment against Apple on these defenses (Orders, ECF Nos. 99 & 117).

discovery between the two cases, that does not provide a basis for denying SightSound's request, particularly where the discovery could be re-used in subsequent litigation. *See, e.g., Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1276 (5th Cir. 1990) (no prejudice to defendant where use of existing discovery would occur in second action). Moreover, if after the new action is filed, and the court in that action deems it appropriate, discovery could be coordinated or a stay could be imposed pending the outcome of the current litigation.

Finally, SightSound's explanation for seeking dismissal is entirely reasonable. SightSound seeks dismissal only so that it may have a full and fair opportunity to litigate a claim that only recently became available as a result of an intervening change in the law. That this is the sole purpose for SightSound's request for dismissal is evidenced by the fact that SightSound first sought to have claim 1 of the '734 patent included in the current action. SightSound has also been diligent in bringing this motion. As this Court previously noted, there is "no reason to doubt that Plaintiff amended its contentions, in good faith, in fairly immediate response to *Akamai*." (Opinion & Order, ECF No. 160 at 4). Following the Court's decision not to permit the amended infringement contentions, SightSound promptly brought this motion to dismiss Count Two of the Complaint, which includes all claims associated with the '734 action, in order to preserve its rights to litigate the new claim.

Accordingly, SightSound respectfully requests the Court grant its request for a voluntary dismissal without prejudice of Count Two of the Complaint, which includes all claims related to the '734 patent.

*(Signature page follows)*

– 8 –

Dated: January 24, 2013

Respectfully submitted,

*/s/ James A. DiBoise*

James DiBoise (*Admitted pro hac vice*)
james.diboise@aporter.com
Michael A. Berta (*Admitted pro hac vice*)
michael.berta@aporter.com
Tracy Tosh Lane (*Admitted pro hac vice*)
tracy.lane@aporter.com
Sean Callagy (*Admitted pro hac vice*)
sean.callagy@aporter.com

Arnold & Porter LLP
Three Embarcadero Center
Seventh Floor
San Francisco, CA  94111-4024
Telephone:   +1 415.471.3100
Facsimile:   +1 415.471.3400

Matthew M. Wolf (*Admitted pro hac vice*)
matthew.wolf@aporter.com

Arnold & Porter LLP
555 Twelfth Street, NW
Washington D.C.  20004
Facsimile:    +1 202 942 599

Russell J. Ober Jr.
E-mail:  rjo@muslaw.com
David G. Oberdick
E-mail:  dgo@muslaw.com
Nicholas J. Bell
E-mail:  njb@muslaw.com

Meyer, Unkovic & Scott LLP
Suite 1300, Oliver Building
535 Smithfield Street
Pittsburgh, PA  15222-2315
Telephone:    (412) 456-2806
Facsimile:    (412) 456-2864

## CERTIFICATE OF SERVICE

The undersigned certifies that copies of the foregoing pleading were served on all counsel of record this 24th day of January, 2013, through the Court's CM/ECF System.

*/s/ James A. DiBoise*