IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SIGHTSOUND TECHNOLOGIES, LLC )
                                                          ) No. 11-1292
v.                                                      )

APPLE INC.,

## MEMORANDUM ORDER

Before the Court is Plaintiff's Motion to dismiss Count II of its Complaint without prejudice, or in the alternative, for reconsideration and leave to amend. By prior Order, I precluded Plaintiff from asserting new claims and infringement contentions in this action. Before the Court is Plaintiff's motion for voluntary dismissal of Count II of their Complaint, which encompasses the '734 patent, in order to bring a separate suit.

> There are some situations in which a plaintiff is entitled to dismiss of his own motion without any limitations by the trial judge. They are set out in Rule 41(a) (1).... The stated instances show clearly a thought-out purpose behind such provisions. They are to give a man a right to take his case out of court when no one else will be prejudiced by his doing so. The situation is quite different when answers have been filed, especially if a counterclaim is included.

Id. (quoting Ockert v. Union Barge Line Corp., 190 F.2d 303, 304 (3d Cir. 1951)).

In this action, Defendant has asserted counterclaims regarding the '734 patent. A voluntary dismissal of a complaint relates only to the complaint, and not to the counterclaims. See Ferguson v. Eakle, 492 F. 2d 26, 29 (3d Cir. 1974). Defendant does not consent to dismissal of its counterclaims. Thus, if I were to grant Plaintiff's Motion, Defendant's counterclaims would remain extant; the '734 patent remains at issue here in any event. Defendant has prepared and expected, throughout both discovery and claims construction proceedings, to test the '734 patent in this litigation.

Plaintiff is certainly free to pursue separate litigation regarding any or all of its patents, on any basis.[1] All Orders entered in this matter pertain only to this matter, and are not intended to impact Plaintiff's ability to seek relief pursuant to <u>Akamai</u> in any other context. For the foregoing reasons, however, I am unwilling to dismiss any claims from this case, at this stage in the proceeding.

AND NOW, this 14th day of February, 2013, IT IS SO ORDERED.

BY THE COURT:

*Donetta W. Ambrose*

Donetta W. Ambrose

Senior Judge, U.S. District Court

---

[1] Plaintiff asserts that any newly filed action would not assert claims of the '734 patent that were filed in this action. It is unclear, then, whether Plaintiff does not intend to pursue the '734 claims filed in this action, if its dismissal Motion were granted.