UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SIGHTSOUND TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Civil Action No. 2:11-cv-01292-DWA <br><br> Honorable Judge Donetta W. Ambrose |

**DEFENDANT APPLE INC.'S PROPOSAL REGARDING SANCTIONS FOR SIGHTSOUND TECHNOLOGIES, LLC'S VIOLATION OF LPR 4.2**

Pursuant to Docket Entry 178, Defendant Apple Inc. ("Apple") hereby submits its proposal regarding the sanctions that should attach to SightSound Technology LLC's (SightSound's) violation of LPR 4.2 and belated disclosure of intrinsic evidence during claim construction briefing.  (*See also* Dkt. 142 & 175.)  Apple respectfully requests that the Court award to Apple its fees associated with SightSound's violation of LPR 4.2 and/or that the Court provide an adverse jury instruction related to the violation.

**I.     ARGUMENT**

The Federal Circuit has approved of remedies when local patent rules have been violated: "[Local patent] rules are essentially a series of case management orders . . . . The court may impose any 'just' sanction for the failure to obey a scheduling order . . .' Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b)(2)(B)." *O2Micro Int'l Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1363 (Fed. Cir. 2006).

During the parties' February 14, 2013 teleconference with the Court, SightSound argued that sanctions may be imposed only if it acted in bad faith.  Apple is not aware of any bad faith requirement for awarding the sanctions it seeks in connection with violation of the Local Patent Rules.  Nevertheless, as Apple explained during the call, there is ample evidence that SightSound

{01435467}

acted in bad faith.  First, SightSound admits that it has already been through claim construction proceedings in a previous case involving the same patents and many of the same claim terms.  (Dkt. 121 at 2.)  Therefore, it should have been extremely familiar with the intrinsic evidence and could have easily included specific citations in the Joint Disputed Claim Terms Chart.  Nevertheless, SightSound failed to disclose many passages of intrinsic evidence on which it relied.  Second, SightSound knew that over 5000 pages of reexamination history existed but did not disclose that it would rely on **any** of it.  Further, the reexamination history was not considered (and did not exist) during the prior litigation.  Thus, SightSound's citation in the Joint Claim Construction Chart to the Report & Recommendation on Claim Construction from the prior litigation provided no clue that SightSound would rely on the reexamination history.  Apple, therefore, was led to believe that SightSound would not rely on the reexamination history at all.  Even if Apple had believed that SightSound would rely on some of the reexamination materials, it would have been impossible for Apple to know which particular portions of the 5000+ pages of material SightSound would use.

SightSound chose to file this litigation in a district with local patent rules and should not be allowed to selectively pick and choose the rules it wishes to follow.  Apple hereby requests that some meaningful consequence attach to SightSound's violation of LPR 4.2.

### A.   SightSound Should Pay The Fees Associated With SightSound's Violation

Apple requests that the Court award to Apple the additional fees it incurred as a result of SightSound's violation of LPR 4.2.  The intrinsic evidence in this case, including the Patents-in-Suit and their prosecution and reexamination histories, comprises more than six thousand pages. Had SightSound properly identified which excerpts it intended to rely upon, Apple could have timely and efficiently considered that evidence while preparing its opening claim construction brief.  (Dkt. 91.)

Apple incurred a number of extra costs associated with SightSound's violation of LPR 4.2. For instance, Apple incurred inefficiencies associated with preparing the opening brief because Apple was not aware of the full scope of intrinsic evidence upon which SightSound would rely. Apple also was forced to undertake extra work in the responsive brief to address SightSound's belatedly disclosed intrinsic evidence, including drafting objections to SightSound's reliance on that evidence. Apple has continued to expend resources to address this issue – Apple had to spend additional time preparing objections to the Special Master's R&R (Dkt. 147), preparing and participating in the February 14, 2013 conference with this Court, and preparing the present filing. Apple requests that the Court award Apple these additional costs, which total at least $29,700.[1]

### B.    An Adverse Jury Instruction Is Also Warranted

Apple also requests that this Court issue an adverse jury instruction. Apple proposes the following instruction, to be delivered to the jury after the claim constructions are delivered:

> The Court determined the meaning of these claim terms based in part on written submissions from the parties setting forth their positions regarding what these terms mean, and what evidence is relevant to determining those meanings. Those party submissions are governed by Court rules called "Local Patent Rules." In the process of determining the meaning of these claim terms, the Court concluded that SightSound had violated these Local Patent Rules by failing to timely disclose the evidence that SightSound contended supported its positions. Based on the evidence submitted, including the untimely evidence submitted by SightSound, this Court determined that both parties made reasonable arguments regarding their proposed constructions. In its deliberations, the jury may consider the violation by SightSound of the Local Patent Rules.

## II.    CONCLUSION

Apple requests that the Court award to Apple its fees associated with SightSound's violation of LPR 4.2 and/or that the Court provide the adverse jury instruction provided above.

---

[1] This calculation was determined by adding together the following fees: 5% of the fees for preparing Apple's Opening Claim Construction Brief; 15% of the fees for Apple's Responsive Claim Construction Brief; 5% of the fees associated with the Claim Construction Hearing; and 20% of the fees for preparing Apple's Objections to the Claim Construction Report & Recommendation.

Respectfully submitted,

Dated: February 21, 2013              /s/ Danny P. Cerrone, Jr.

James R. Batchelder (Admitted Pro Hac Vice)
james.batchelder@ropesgray.com
**ROPES & GRAY LLP**
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303-2284
Phone: (650) 617-4000
Facsimile: (650) 617-4090

Ching-Lee Fukuda (Admitted Pro Hac Vice)
ching-lee.fukuda@ropesgray.com
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY 10036
Phone: (212) 596-9000
Facsimile: (212) 596-9090

Megan F. Raymond (Admitted Pro Hac Vice)
megan.raymond@ropesgray.com
**ROPES & GRAY LLP**
One Metro Center
700 12th St NW Ste 900
Washington, DC 20005-3948
Phone: (202) 508-4600
Facsimile: (202) 508-4650

Robert J. Ridge
rridge@thorpreed.com
William M. Wycoff
wwycoff@thorpreed.com
Danny P. Cerrone, Jr.
dcerrone@thorpreed.com
**THORP, REED & ARMSTRONG**
301 Grant Street
One Oxford Centre, 14th Floor
Pittsburgh, PA 15222-4895
(412) 394-7711

Attorneys for Defendant
**APPLE INC.**

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 21, 2013 the foregoing was served upon all counsel of record via the CM/ECF Electronic filing system of the United States District Court for the Western District of Pennsylvania.

                                                    /s/ Danny P. Cerrone, Jr.