**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

SIGHTSOUND TECHNOLOGIES, LLC,    )
            )
     Plaintiff,            )
            )
     v.              )  No. 11-1292

APPLE, INC.

     Defendant.

**OPINION AND ORDER**

**SYNOPSIS**

Before the Court is Plaintiff's Motion to Strike Untimely References to Prior Art.

Plaintiff contends that Defendant has recently asserted, in amendments to its invalidity

contentions, that it intends to rely on newly identified items of prior art in challenging the

validity of the patents at suit.  Plaintiff has supplemented its Motion, asserting that Defendant

again disclosed additional prior art and new witnesses on the last day of fact discovery, via

supplemental Rule 26(a)(1) disclosures and a letter.   Plaintiff asks the Court to strike both the

witnesses and the late-disclosed prior art.  In contrast, Defendant contends that it made all

disclosures and supplements in a timely manner.

For the following reasons, the Motion will be granted in part, and denied in part.

**OPINION**

**I.      FACTUAL BACKGROUND**

Plaintiff argues that Defendant's disclosure of non-infringement/invalidity contentions

were due by July 11, 2012.   LPR 3.4 requires that invalidity contentions contain the identity of

each item of prior art that allegedly supports the invalidity claim.   On July 23, 2012, Defendant

amended its invalidity contentions to add an additional reference to Ball, which it avers was

inadvertently omitted from the initial disclosure.  Then, on November 9, 2012, it advised

Plaintiff that it intended to supplement its contentions to rely, as prior art, on two articles

published in Billboard magazine.  The parties met and conferred.  Then, after the meet and

confer session, on November 27, 2012, Defendant identified prior art items in addition to the

Billboard articles.   Later, on February 14 and 15,  Defendant served a supplemental Rule 26(a)

disclosure, and also a letter identifying additional evidence, related to prior art, in support of its

invalidity contentions.

## II.      PLAINTIFF'S MOTION

## A.  MOTION TO STRIKE

I first address Plaintiff's objections to Defendant's addition of prior art after the initial

deadline of July 11, 2012.   Defendant relies on LPR 3.7, which provides, in pertinent part, that

"Amendments or modifications of the…Non-infringement and/or Invalidity Contentions are

permissible, subject to other applicable rules of procedure and disclosure requirements, if made

in a timely fashion and asserted in good faith and without purpose of delay."   Identification of

prior art is necessarily made part and parcel of the invalidity contentions, to which the Rule

permits amendments.   As I have previously noted, the Local Patent Rules "seek to advance the

orderly progression of patent litigation by requiring the parties 'to crystallize their theories of the

case early in the litigation and to adhere to those theories once they have been disclosed.'"

Copper Innovations Group, LLC v. Nintendo Co., No. 7-1752, 2012 U.S. Dist. LEXIS 24512

(W.D. Pa. Feb. 27, 2012).

Although the Rule does not explicitly require leave of court, amendment under LPR 3.7

rests with the Court's discretion.  Carnegie Mellon Univ. v. Marvell Tech. Group, No. 9-290,

2012 U.S. Dist. LEXIS 120559, at **19-21 (W. D. Pa. Aug. 24, 2012).  I am also mindful that,

"in addition to courts' typical heavy preference in favor of not excluding evidence, so   that cases can be decided on their merits, that preference is even stronger in patent cases, where not just the parties, but the public, has an interest in the correct resolution of the dispute." Graphic Packaging Int'l v. C.W. Zumbiel Co., 2011 U.S. Dist. LEXIS 127320, at **11-12 (M.D. Fla. Nov. 3, 2011).

I agree with Defendant that the July 23, 2012 Amended Preliminary Contentions regarding Ball are appropriate.   To hold otherwise would all but read LPR 3.7, which permits amendments or modifications to invalidity contentions under appropriate circumstances, out of existence.   Here, Defendant has proffered the explanation of inadvertent omission, and I have no reason to reject the proposition that this amendment was made in good faith and without purpose of delay.   Moreover, although our Local Rule does not speak to prejudice, I do not perceive any serious prejudice resulting from the amendments.    Importantly, the amendments were not unduly delayed; thus, any alleged surprise or prejudice is ameliorated by the fact that the items were disclosed soon after the court-imposed deadline.  Further, although the case has reached a relatively late stage, we are not at the point that renders any and all amendments are untenable. Plaintiff had sufficient opportunity to address any need for discovery regarding Ball,[1]  and dispositive motions have yet to be filed.  Further, Plaintiff did not file the present Motion until two months after the initial amendments, and six months after the last set; this delay does not suggest a party that was unduly surprised or prejudiced by tardy disclosure.  See Hysitron, Inc. v. MTS Sys. Corp., No. 7-1533, 2010 U.S. Dist. LEXIS 171, at *29 (D. Minn. Jan. 4, 2010). Thus, striking the barely-late amendments is unwarranted.

I reach a different conclusion, however, about the Second Amended Contentions. Importantly, the Second Amended Contentions were served on November 28, 2012, months after

---

[1] Moreover, I will entertain Motions for limited discovery, if needed, based on the amended invalidity contentions.

the initial deadline for invalidity contentions had expired.   Initially, I take note of several items

dating from 1988 and earlier:  the article by Frank Zappa; the article by Perry Leopold; the book

"Start Me Up!"; the two articles from Billboard magazine; and the CompuSonics system.   As

Defendant points out, prior art necessarily precedes the alleged priority date, which arose a

quarter-century ago in this case.   In the present context, however, the age of the items is

significant in that the items existed long before Defendant prepared its initial and amended

invalidity contentions; Defendant simply had not yet found them.   I do not doubt that Defendant

proffered these items soon after they came to light, but there remains no explanation for the

delay in unearthing the items.   There is no suggestion, for example, that the items were not

publicly available at any time since the 1980s, or that they were concealed from Defendant in

any way.   In other words, Defendant has not explained why it should not have known of the

items far earlier than November, 2012.[2]   Indeed, Defendant cites only to the challenge it faced in

combing through old prior art references.   While I appreciate the obstacles universally imposed

by the combination of time limits and large quantities of information, those obstacles, without

more, cannot vindicate serial, tardy identifications of prior art.

A party might well come across decades-old publications at any point during a pending

patent suit.   Honestly happening across a piece of information that has been publically available

for years, if that happenstance occurs well past a court-scheduled deadline, however, does not

inevitably support use of that information at trial.   Otherwise, parties would be free to peruse

volumes of potential prior art at their leisure, and amend required disclosures at their leisure;

judicially and rule-imposed schedules would become meaningless. This result is plainly

undesirable, as "[t]he liberalization of local patent rules was not intended to displace the very

---

[2] This is particularly true because Defendant embarked on investigations regarding invalidity and prior art in 2005, well after the dates of the subject publications.  See September 27, 2012 Order.

4

purposes for having such rules." Copper Innovations Group, LLC, 2012 U.S. Dist. LEXIS

24512, at *8.   Thus, even though our amendment standards differ from those districts that

expressly require diligence, a reasonable level of diligence in a party's search for relevant

materials must be impliedly expected.   Cf., e.g., REC Software, USA v. Bamboo Solutions

Corp., No. 11-554, 2012 U.S. Dist. LEXIS 115191, at *11 (N.D. Cal. Aug. 15, 2012); Nomadix,

Inc. v. Hewlett-Packard Co., No. 9-8441, 2012 U.S. Dist. LEXIS 40154, at **13-14 (C.D. Cal.

Mar. 22, 2012). [3]   With regard to the aforementioned items, Defendant has not proffered

sufficient grounds to justify amendment under LPR 3.7, and the amendments will be disallowed

to that extent.

I separately address the remaining items of prior art referenced in the Second Amended

Contentions, because Defendant seeks to rationalize those items on different grounds.   In that

respect, Defendant suggests that these amended PAN references are acceptable, because they

relate to an already-charted system.   This fact, however, "cuts both ways.   While it suggests that

Plaintiff was on notice, it also suggests that these [items] were known to Defendant" prior to

preparing its preliminary invalidity contentions.   Hysitron, 2012 U.S. Dist. LEXIS 171, at *20.

Under similar circumstances, an amendment has been held untimely.   Id.   Notably, here,

Defendant does not explain its failure to identify the additional PAN references prior to

November, 2012.   Thus, I am wholly without a foundation to determine that these amendments,

months after the deadline, are timely.   Plaintiff's Motion will be granted to that extent.

**B.  SUPPLEMENT TO MOTION TO STRIKE**

---

[3] As one author has suggested, amendments should be permitted "only with leave of Court, based on a showing of
why defendant did not or could not locate it earlier. Hysitron, 2010 U.S. Dist. LEXIS 171, at *15  (quoting James M.
Amend & Eric R. Lamison, *Patent Law: A Primer for Federal District Court and Magistrate Judges* 30-31 (2006)).
Those jurisdictions that assess diligence place the burden of demonstrating the propriety of amendment on the party
seeking to amend. E.g., Jazz Pharms., Inc. v. Roxane Labs., Inc., No. 10-6018, 2013 U.S. Dist. LEXIS 28374
(D.N.J. Feb. 28, 2013).

Next, I address Plaintiff's supplemental prayer for relief, regarding Defendant's supplemental Rule 26(a)(1) disclosure, dated February 14, 2013, and a letter dated February 15, 2013.

In the objected-to letter, Defendant cursorily stated that it intends to rely on forty-four documents, identified by Bates-stamp numbers, in support of its invalidity defenses.  The letter is neither identified as amended invalidity contentions pursuant to LPR 3.7, nor as a supplemental disclosure pursuant to any procedural rule.   Historically in this litigation, Defendant apprised Plaintiff of its intention to rely on particularized prior art, and then submitted amended invalidity contentions.   As Plaintiff correctly asserts, the Local Patent Rules require that invalidity contentions identify each item of prior art.   Defendant proffers no authority that would allow identification of prior art in support of invalidity contentions outside of LPR 3.4 and 3.7. Defendant does not seek, in any way, to explain or defend the late production of the documents identified in the letter either under any standard.  Indeed, Defendant addresses the letter only briefly, in a footnote.  In so doing, it refers to its response to Plaintiff's initial Motion to Strike Untimely References to prior Art, thus suggesting that the letter constitutes appropriate amended invalidity contentions.  I am left with absolutely no grounds, however, for finding the letter appropriate.  Therefore, for reasons similar to those enunciated supra, I will grant Plaintiff's Motion to Strike as it applies to Defendant's February 15, 2013 letter.

Plaintiff's challenge to the body of Defendant's Third Supplemental Disclosure, however, must be considered pursuant to standards applicable to Fed. R. Civ. P. 26.  Special Master David Cohen is empowered to consider all discovery issues, and the question of untimely disclosure of witnesses shall be referred to him.

## CONCLUSION

At this point, the parties should be "well aware that the failure to comply with the local rules and the spirit of the local rules is not looked upon favorably by this Court." Emcore Corp. v. Optium Corp., No. 7-326, 2009 U.S. Dist. LEXIS 96368, at *6 (W.D. Pa. Oct. 16, 2009). For the foregoing reasons, Plaintiff's Motion will be granted in part and denied in part. Defendant shall not be permitted to rely on the prior art identified in the body of the Opinion. The remainder of the Motion will be denied.   Further, in the future, amendments or modification to any document described in LPR 3.2 and 3.4 will require leave of Court.

An appropriate Order follows.

## ORDER

AND NOW, this 11th day of April, 2013, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion to Strike is granted in part and denied in part, as fully set forth in the body of the Opinion.  Hereafter, leave of Court shall be required for all further modifications or amendments pursuant to LPR 3.2, 3.4, and 3.7.   The issue of late identification of witnesses, raised in Plaintiff's filing at Docket No. 185, is hereby referred to Special Master David Cohen.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court