IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SIGHTSOUND TECHNOLOGIES, LLC,   ) 11-1292
          )
   v.    )

APPLE, INC.

**OPINION AND ORDER**

Before the Court is Defendant's Motion to Stay these proceedings pending the outcome of a covered business method patent review of two of the patents-at-suit, which cover all seven of the remaining claims in this litigation.

The Motion is filed pursuant to Section 18 of the Leahy-Smith America Invents Act ("AIA"), 35 U.S.C. §§ 311-319, which permits persons defending suit on a covered business method ("CBM") patent to seek Patent Trial and Appeal Board ("PTAB") review of the patent's validity.  The AIA sets forth four factors to determine whether a stay is appropriate: 1) whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial; 2) whether discovery is complete and whether a trial date has been set; 3) whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and 4) whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court.  AIA § 18(b)(1), P.L. 112-29, 125 Stat. 284, 331 (2011).  "This statutory test resembles the stay analysis courts have applied in assessing a motion to stay pending inter partes or ex parte reexamination by the [PTO]." Market-Alerts Pty. Ltd. v. Bloomberg Finance, L.P., No. 12-780, 2013 U.S. Dist. LEXIS 15300, at *2 (D. Del. 2013).

Section 18 "places a very heavy thumb on the scale in favor of a stay being granted." 157 Cong. Rec. S1053.  "Since the entire purpose of the transitional program at the PTO is to reduce the burden of litigation, it is nearly impossible to imagine a scenario in which a district court

1

would not issue a stay." Id.  Nevertheless, as Plaintiff correctly points out, staying a patent case during reexamination is discretionary, and such determinations must rest on the facts of each particular case.  Nippon Steel & Sumito Metal Corp. v. POSCO & POSCO Am. Corp., No. 12-2429, 2013 U.S. Dist. LEXIS 62710, at \*\*11-12 (D.N.J. May 2, 2013).

As to the first factor, the parties disagree as to whether a stay will simplify the issues in question or streamline the trial.  Plaintiff argues, in particular, that the prior art at issue in this case differs from the prior art that Defendant has used in the review petitions.  The PTAB review, however, may result in a pronouncement on the validity of a patent at issue, whether or not prior art at issue in this case remains at issue in this case.  Plaintiff also contends that Defendant has not produced evidence that it is more likely than not that the claims will be invalidated, as required to initiate CBM review.  I am not, however, asked to pass on the propriety of CBM review; that is an issue for the PTAB.[1]  Further, if the PTAB determines that review is inappropriate for reasons of standing or otherwise, then a stay in this case could be lifted at that time.[2]

As one court has observed, a stay may simplify and streamline a trial in the following particulars:

> (1) all prior art presented to the court at trial will have been first considered by the PTO with its particular expertise, (2) many discovery problems relating to the prior art can be alleviated, (3) if [the] patent is declared invalid, the suit will likely be dismissed, (4) the outcome of the [administrative review] may encourage a settlement without further involvement of the court, (5) the record of the [administrative review] would probably be entered at trial, reducing the complexity and the length of the litigation, (6) issues, defenses, and evidence will be more easily limited in pre-trial conferences . . . .

---

[1] In Market-Alerts, the court considered the likelihood of the petition being granted, and the likelihood of the administrative challenge succeeding, as part of the "issue simplification" factor.  It did so, however, while acknowledging that such assessments are inherently speculative.  Market-Alerts, 2013 U.S. Dist. LEXIS 15300, at \*\*12-13, n.8.  In this particular matter, I decline to speculate about whether Defendant's petitions will meet with success.

[2] The PTAB will decide whether to initiate review within six months.  CITE.

Gioello Enterprise Ltd. v. Mattel, Inc., No. 99-375, 2001 U.S. Dist. LEXIS 26158, at **2-3 (D. Del. Jan. 29, 2001).

I take note, too, of the observation that "[t]oo many district courts have been content to allow litigation to grind on while a reexamination is being conducted, forcing the parties to fight in two fora at the same time." Progressive Cas. Ins. Co. v. Safeco Ins. Co., No. 10-1370, 2013 U.S. Dist. LEXIS 54899, at *12 (N.D. Ohio Apr. 17, 2013) (quoting 157 Cong. Rec. S1364). Parallel proceedings involving the same patents, with potentially different outcomes, are not particularly desirable. Allowing one to conclude, even if the two proceedings involve different prior art, is likely to streamline the other in several of the ways enunciated by the Gioello court. Despite the fact that the prior art differs, the remaining observations of the Gioello court remain relevant here. A stay leaves open the significant potential to simplify the issues for trial, and streamline the trial, and this factor thus favors a stay.

As to the second factor, although this litigation has reached a relatively late stage, expert discovery is not complete. No trial date has been set. We are still at a point, under the present circumstances, where a stay can "maximize the likelihood that neither the Court…nor the parties expend their assets addressing invalid claims." Gioello, 2001 U.S. Dist. LEXIS 26158, at *4 (quoting Softview Computer Prods. Corp. v. Haworth, Inc., No. 97-8815, 2000 U.S. Dist. LEXIS 11274 (S.D.N.Y. Aug. 10, 2000). Other cases in a similar posture – with cut off dates for ongoing discovery, but no trial date -- have been called a "close call" as to this factor. Imagevision.net, Inc. v. Internet Payment Exch., Inc., No. 12-54, 2013 U.S. Dist. LEXIS 56943, at *15 (D. Del. Apr. 22, 2013). In still others, courts have found that this factor weighs against a stay after significant resources had been expended. Universal Elecs., Inc. v. Universal Remote Control, Inc., 2013 U.S. Dist. LEXIS 64154, at *8 (C.D. Cal. May 2, 2013). Plaintiff complains

that Defendant's delay in seeking review, which caused the litigation to proceed to this stage, weighs strongly against a stay. Defendant denies undue delay, asserting that it worked diligently to petition for review following the outcome of claims construction. Overall, I conclude that this factor weighs against a stay.

Third, I address how a stay, or denial thereof, will create prejudice for Plaintiff or a tactical advantage for Defendant. "[I]n determining whether a plaintiff might be unacceptably prejudiced by a stay, the court turns to additional considerations including the timing of the stay request, the timing of the administrative review request, the status of the review proceedings, and the relationship between the parties." Market-Alerts Pty., Ltd. v. Bloomberg Fin. L.P., 2013 U.S. Dist. LEXIS 15300, at **23-24 (D. Del. Feb. 5, 2013). Here, I accept Defendant's contention that it worked diligently to seek CBM review following the conclusion of claims construction, and there is no evidence of inappropriate motive on Defendant's part. Nonetheless, I recognize the inherent prejudice to Plaintiff resulting from a stay. Delay alone, however, does not amount to undue prejudice. Imagevision.net, 2013 U.S. Dist. LEXIS 56943 at *10; Universal Elecs., 2013 U.S. Dist. LEXIS at *14. Moreover, Plaintiff does not contend that a stay would result in prejudice stemming from direct competition between the parties. The prejudice, in sum, is not "undue." In terms of tactical advantage, Plaintiff contends that a stay might hand Defendant an "enormous" tactical benefit – but does not specify what that benefit consists of, or why it might not potentially inure to Plaintiff, as well, if review is denied or the patents validated. Overall, this factor weighs in favor of a stay.

Finally, I look to the fourth factor, which is whether the stay, or the denial thereof, will reduce the burden of litigation on the parties and the Court. I consider this factor in light of the suggestion that it was enacted in order to increase the likelihood that a stay would be granted.

Progressive Cas. Co., 2013 U.S. Dist. LEXIS 54899 at *28.  Plaintiff contends that such substantial resources have already been expended, that the stay request is, essentially, too little too late in terms of alleviating the burdens of litigation.  Nonetheless, while much has been done thus far, there is more to come.  The parties and Court will expend further substantial resources in this litigation, through completing discovery and trial.  A stay will reduce the burden of litigation, and this factor weighs in favor of a stay.

I take separate note of Plaintiff's contentions that that Defendant does not have standing to seek CBM review, and that the motion to stay is premature.[3]  It claims that the patents are not CBMs, while Defendant claims to the contrary; it also contends that the PTAB has not yet granted review, and no stay should issue until that time.  As to the latter, it has been held, within this Circuit, that the relevant stay provisions of the AIA apply when the petition for review is filed, and not when the PTAB institutes such review.  Market-Alerts Pty., 2013 U.S. Dist. LEXIS 15300, at **9-10 n. 5.  As to the former, neither party authoritatively suggests that this Court is the proper arbiter of whether the patents at issue are or are not CBMs appropriate for AIA review.  Thus, those considerations do not factor into the issuance of a stay in this case.

In sum, three of the four applicable factors favor a stay, and one does not; overall, the totality of the circumstances weigh in favor of a stay.  I am also cognizant, however, of the potential for undue prejudice to the Plaintiff should the stay be prolonged, and the broader interests in precluding litigation from languishing overlong.  The review process underlying Defendant's Motion is subject to very specific timelines. Within three months of notification of a filing date, the patent owner may file a preliminary response to the petition; within three months thereafter, the PTAB determines whether to institute trial.  Concurrent with that decision,

---

[3] A CBM patent is "a patent that claims a method or corresponding apparatus for performing data processing or other operations used in the practice, administration, or management of a financial product or service, except that the term does not include patents for technological inventions." 37 C.F.R. § 42.301(a).

5

the PTAB will issue a scheduling order if review is granted. Office Patent Trial Practice Guide, 77 Fed. Reg. 157, 48757 (Aug. 14, 2012). Defendant's petitions were filed on May 6, 2013. At this point, therefore, a stay pending the PTAB's determination regarding trial will not result in excessive delay. The PTAB may decide not to proceed on the petitions, and the stay will become unnecessary. Or, if the Board decides to proceed on one or more of the petitions, I will entertain the parties' positions regarding continuation of the stay at that time. Accordingly, I will stay this matter pending that determination.

## CONCLUSION

In sum, a stay is justified in this case under applicable factors. Defendant shall be directed to notify the Court immediately when PTAB determines whether to institute trial on the CBM review petition, and, if trial shall commence, Defendant will apprise the Court of the schedule thereof. At that time, if necessary, the parties will be provided an opportunity to address the duration of the stay. An appropriate Order follows.

**ORDER**

AND NOW, this 6th day of June, 2013, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion for Stay is GRANTED. This matter is stayed until further Order of Court. Defendant shall be directed to notify the Court immediately when PTAB determines whether to institute trial on the CBM review petition, and, if so, Defendant will apprise the Court of the schedule thereof.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court