**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

SIGHTSOUND TECHNOLOGIES LLC,  )
                                        )
            Plaintiff, Counter-Defendant  )
                                          )     Civil Action No. 2:11-cv-01292-DWA
         v.                        )
                                          )     Senior District Judge Donetta W. Ambrose
APPLE, INC.                       )
                                          )
        Defendant, Counter-Plaintiff.  )
                                          )

**MEMORANDUM IN SUPPORT OF PLAINTIFF SIGHTSOUND**
**TECHNOLOGIES, LLC'S MOTION TO CLARIFY SCOPE OF PATENT**
**PROSECUTION BAR IN PROTECTIVE ORDER; OR IN THE ALTERNATIVE,**
**TO MODIFY THE PROTECTIVE ORDER**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

INTRODUCTION ......................................................................................................... 1

ARGUMENT .................................................................................................................. 3

    I.     The Patent Prosecution Bar Does Not Cover CBM Proceedings. .............. 3

    II.    An Expanded Prosecution Bar Would Prejudice SightSound's Ability To Defend The Validity Of Its Patents. ...................................................... 5

    III.   If CBM Review Is Initiated, SightSound's Litigation Counsel Will Not Participate In Drafting Or Amending Patent Claims. ................................ 7

CONCLUSION ............................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Abbott Labs. v. Cordis Corp.*,
  710 F.3d 1318 (Fed. Cir. 2013) ...................................................................................5

*Grobler v. Apple, Inc.*,
  No. C 12-1534 JST (PSG), 2013 U.S. Dist. Lexis 65048 (N.D. Cal. May 7, 2013) .....7

*Hochstein v. Microsoft Corp.*,
  No. 04-73071, 2008 WL 4387594 (E.D. Mich. Sept. 24, 2008) ...........................5, 6, 7

*In re Deutsche Bank Trust Co. Americas*,
  605 F.3d 1373 (Fed. Cir. 2010) ................................................................................5, 7

*Mirror Worlds, LLC v. Apple, Inc.*,
  No. 6:08-cv-00088, 2009 WL 2461808 (E.D. Tex. Aug. 11, 2009) .....................6, 7, 8

*Prolitec Inc. v. Scentair Techs., Inc.*,
  No. 2:12-cv-483-RTR, 2013 WL 2138193 (E.D. Wis. May 17, 2013) ....................5, 7

*Unwired Planet LLC v. Apple Inc.*,
  No 3:12-cv-00505-RCJ (VPC), 2013 WL 1501489 (D. Nev. Apr. 11, 2013) ..............6

*Xerox Corp. v. Google, Inc.*,
  270 F.R.D. 182 (D. Del. 2010) ...................................................................................6

## Statutes and Regulations

35 U.S.C.
  § 251 .............................................................................................................................4
  § 301 .............................................................................................................................4
  § 302 .............................................................................................................................8

35 U.S.C. § 323 (2012) .....................................................................................................7

35 U.S.C. (2011)
  § 326(d) .........................................................................................................................8
  § 326(d)(2) .....................................................................................................................8
  § 326(d)(3) .....................................................................................................................8

37 C.F.R.
   § 1.172 (1997)........................................................................................3, 4
   § 1.291....................................................................................................4
   § 1.510....................................................................................................3
   § 1.510....................................................................................................8
   § 1.515....................................................................................................8
   § 1.530....................................................................................................8
   § 1.550....................................................................................................8
   § 1.550(g)................................................................................................3

77 Fed. Reg. 48,680, 48,699 (Aug. 14, 2012)........................................................8

77 Fed. Reg. 48,680, 48,730 (to be codified at 37 C.F.R. § 42.207) ...................................7

77 Fed. Reg. 48,680, 48,730 (Aug. 14, 2012) (to be codified at 37 C.F.R.
   § 42.221).................................................................................................8

77 Fed. Reg. 48,680, 48,730 (Aug. 14, 2012) (to be codified at 37 C.F.R. §
   42.221(a)(2)(ii)) ........................................................................................8

## Other Authorities

Optional Inter Partes Reexamination Procedure Act of 1999, Pub. L. No. 106-113,
   § 4608(a), 113 Stat. 1501A, 572 (1999) .........................................................3

## INTRODUCTION

SightSound brings this Motion to stop Apple's cynical effort to use the Patent Prosecution Bar ("Prosecution Bar") in the Protective Order in this matter (ECF 56 ¶33) to hamstring SightSound in Apple's recently instituted proceedings in the Patent Office.

On May 6, 2013, Apple filed four petitions to initiate a Covered Business Method ("CBM") review of SightSound's patents before the PTAB.  As Apple acknowledges in its pending Motion to Stay, Apple filed its petitions in an attempt to switch *fora* from this Court to the Patent Office after this Court determined that certain of Apple's defenses were not timely disclosed.  After filing the CBM petitions in an effort to circumvent the Court's Orders, Apple is now also asserting that the Prosecution Bar precludes *any* involvement of SightSound's litigation counsel in defending against these very defenses in the CBM proceedings while Apple is able to continue to use the same lawyers in both proceedings.[1] Apple's position is unsupported by both the letter and intent of the Protective Order.

The Prosecution Bar does prevent SightSound's litigation counsel who have received Apple's highly confidential material and source code from assisting in core patent prosecution activities, *i.e.*:  preparing or amending patents and claims, and responding to office actions in re-examination and reissuance proceedings before the PTO.  This makes sense because these are the types of activities at the Patent Office in which Apple's counsel typically would *also not participate*.  In agreeing to the Protective Order, SightSound agreed to the notion that its litigation counsel who had access to Apple's highly confidential material and source code would not use such information to assist or participate in drafting or amending patent claims.  SightSound never agreed, however, that

---

[1] After Apple filed the petitions to initiate CBM review, counsel for SightSound approached Apple to discuss the appropriate scope of the Prosecution Bar with respect to the CBM proceedings, and to confirm that litigation counsel for SightSound would have no role in drafting or amending claims.  After a preliminary exchange, on May 29, 2013, Apple took the position that it would be a violation of the Protective Order for SightSound's litigation counsel to provide any assistance in the CBM proceedings.  The parties continued to confer on the issue but were unable to reach a resolution, prompting this motion.

its litigation counsel would be completely and unilaterally excluded from *adversarial* proceedings at the Patent Office, such as those contemplated by the CBM proceeding that Apple is now seeking.

And, courts have recognized this fundamental difference between the sorts of activities that the Protective Order does apply to and those, like the CBM review Apple seeks, that are adversarial in nature and thus not an appropriate subject of a bar.  *See Prolitec Inc. v. Scentair Techs., Inc.*, No. 2:12-cv-483-RTR, 2013 WL 2138193, at *4 (E.D. Wis. May 17, 2013) (noting that the AIA changed *inter partes* review "from an examinational to an adjudicative proceeding," thus requiring the skills of litigation counsel and a narrower application of the prosecution bar) (citing *Abbott Labs. v. Cordis Corp.*, 710 F.3d 1318, 1326 (Fed. Cir. 2013)).  Yet Apple seeks precisely that result: that the Prosecution Bar be converted from a tailored, prophylactic measure into a blanket prohibition on SightSound's litigation counsel assisting with parallel, adversarial CBM proceedings initiated and directed by Apple's own litigation counsel.  The Protective Order on its face does not include CBM proceedings (even though they were known to the parties at the time), and such an interpretation of the Protective Order is unreasonable and unfair. It would deprive SightSound of the assistance of its counsel of choice and require duplication of work undertaken in this litigation while imposing no such impediments on Apple.

Because this dispute concerns the Protective Order, and SightSound does not want to inadvertently or mistakenly violate this Court's orders, SightSound requests clarification from the Court that the Prosecution Bar covers the drafting and amending of patent claims, but is not a blanket ban on litigation counsel's participation in CBM proceedings.[2]

---

[2]   In the alternative, in the event the Court determines that the Prosecution Bar in fact applies to  the current CBM proceedings, SightSound respectfully requests that the Court modify the Protective Order so that its litigation counsel may reasonably participate in such proceedings.

## ARGUMENT

### I.    The Patent Prosecution Bar Does Not Cover CBM Proceedings.

Apple included a prosecution bar in the Protective Order "to ensure that those who have had access to Apple's highly confidential information are barred from patent prosecution activity that has a likelihood of leading to improper and unfair exploitation of Apple's confidential information."  (ECF 31, at 2)  Apple's stated purpose was to prevent litigation counsel who received Apple's "source code and other highly confidential materials" from involvement in "competitive prosecution-related activities."  (*Id.* at 12) While the parties initially disagreed about the scope of a protective order, prompting a motion from Apple, SightSound agreed to Apple's proposed protective order after Apple's counsel expressed concerns about the sensitivity of its source code.  The Protective Order ultimately entered in this case, which Apple wrote, contains the following provision:

**Patent Prosecution Bar**

33.   Absent the written consent of the producing party, any person on behalf of the plaintiff who receives Confidential Attorney Eyes Only Information or Confidential Outside Attorney Eyes Only Source Code by the defendant shall not be involved, directly or indirectly, in any of the following activities on behalf of any party to this action: advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions for patents or patent applications relating to the functionality, operation, and/or design of technology for the electronic sale and transmission of digital audio and video signals via telecommunications lines (generally or as described in any patent-in-suit), before any foreign or domestic agency, including the United States Patent and Trademark Office. These prohibitions are not intended to and shall not preclude counsel from participating in reexamination proceedings on behalf of a party challenging the validity of any patent, but are intended, inter alia, to preclude counsel from participating directly or indirectly in reexamination or reissue proceedings on behalf of a patentee. These prohibitions shall begin when access to Confidential Attorney Eyes Only Information materials or Confidential Outside Attorney Eyes Only Source Code is first received by the affected individual, and shall end one (1) year after the final resolution of this action, except in the instance there is an appeal, where these prohibitions shall end upon the final resolution of this matter.

(ECF 56 ¶33)   Because it expressly covers "responses to office actions" as well as "reexamination or reissue proceedings," the Prosecution Bar only applies to non-adversarial proceedings involving SightSound and the PTO.   Indeed, the only reexamination proceeding available to Apple at the time the Protective Order was entered

– 3 –

was *ex parte* reexamination, in which Apple could submit prior art to the PTO but otherwise have very limited involvement.[3] *Inter partes* reexamination of the patents-in-suit was not a possibility at the time the Protective Order was entered as such proceedings were only available for patents granted on applications filed on November 29, 1999 and later.[4] Reissue proceedings require that a patent be surrendered, and could only have been initiated with SightSound's consent.   *See* 35 U.S.C. § 251; 37 C.F.R. § 1.172 (1997).[5] Because Apple would have been afforded few opportunities to influence these proceedings, a prosecution bar imposing limitations on SightSound's litigation counsel was acceptable to SightSound.

The Prosecution Bar agreed to by SightSound, however, plainly does not cover *adversarial* proceedings which are an extension of this litigation such as the CBM review at issue here.   CBM review was created by the America Invents Act ("AIA") several months before Apple wrote the protective order, yet Apple chose not to include it or other adversarial proceedings (such as post-grant review and *inter partes* review) in the terms of the Prosecution Bar it wrote.   Moreover, there is no reason to impose a one-sided limitation—nor would SightSound have agreed to one—that requires SightSound's litigation counsel (but not Apple's) to lay down its arms when Apple invokes adversarial proceedings.   In light of Apple's far greater ability to commence, participate in, and shape the course of CBM review, Apple's proposed one-sided handicap is completely unjustified and would have been rejected by SightSound.

---

[3] Any person may file a request for *ex parte* reexamination. 37 C.F.R. § 1.510.  But a third party requester may not participate after reply to the patent owner's statement. 37 C.F.R. § 1.550(g).

[4] Optional Inter Partes Reexamination Procedure Act of 1999, Pub. L. No. 106-113, § 4608(a), 113 Stat. 1501A, 572 (1999). The patents-in-suit were granted on utility applications filed on Sep. 18, 1990 ('573), Jun. 6, 1995 ('440), and Feb. 27, 1996 ('734).

[5] As a third party, Apple would have had no ability to participate in reissue proceedings beyond that afforded to the general public.  *See, e.g.*, 35 U.S.C. § 301 (anyone may submit prior art at any time); 37 C.F.R. § 1.291 (third party may protest issuance, with no participation after filing).

## II.   An Expanded Prosecution Bar Would Prejudice SightSound's Ability To Defend The Validity Of Its Patents.

The Court should not read the Patent Prosecution Bar in the Protective Order to extend to CBM-related activities.   Such a reading would broaden the scope of the protective order beyond that sought by Apple or contemplated by SightSound when it acquiesced to Apple's proposed protective order.   Further, such a reading would raise SightSound's costs and deprive it of the assistance of its most knowledgeable counsel, while serving no legitimate purpose.

While Courts recognize the potential for "inadvertent disclosure" of confidential information "in patent infringement cases when trial counsel also represent the same client in prosecuting patent applications before the PTO," a party "seeking imposition of a patent prosecution bar must show that the information designated to trigger the bar, the scope of activities prohibited by the bar, the duration of the bar, and the subject matter covered by the bar reasonably reflect the risk presented by the disclosure of proprietary competitive information." *In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1379-81 (Fed. Cir. 2010).   When imposing a prosecution bar, "the district court must balance this risk against the potential harm to the opposing party from restrictions imposed on that party's right to have the benefit of counsel of its choice." *Id.* at 1380.   In this case, any consideration of relative harms militates toward SightSound's interpretation of the Protective Order, and Apple can offer no reason why a patent prosecution bar should extend beyond the drafting and amending of patent claims.   The prosecution bar should not be used as a weapon to deny a patent holder its counsel's litigation skills. *See Prolitec Inc.*, No. 2:12-cv-483-RTR, 2013 WL 2138193, at *4 (E.D. Wis. May 17, 2013) (noting that the skills of litigation counsel are necessary for an adjudicative PTO proceeding and thus requiring and a narrower application of the prosecution bar) (citing *Abbott Labs. v. Cordis Corp.*, 710 F.3d 1318, 1326 (Fed. Cir. 2013)).

In protecting a litigant's right to its counsel of choice, courts have allowed litigation counsel subject to prosecution bars to represent parties in parallel proceedings before the

Patent Office, provided they did not participate in claim amendment and drafting.  *See, e.g.*, *Prolitec Inc. v. Scentair Techs., Inc.*, 2013 WL 2138193, at *4 (allowing litigation counsel to participate in *inter partes* review so long as counsel did not "amend, substitute, or add claims to either patent during that proceeding"); *Hochstein v. Microsoft Corp.*, No. 04-73071, 2008 WL 4387594, at *3 (E.D. Mich. Sept. 24, 2008) (because "litigation counsel has pledged that it will not draft new claims or amend existing claims during the reexamination" court held that "there is no risk of disclosure of Defendant's confidential information").  Parties in SightSound's position have "a legitimate interest in formulating a coherent and consistent litigation strategy" and not having to "split . . . resources between two fronts of the same war."  *Xerox Corp. v. Google, Inc.*, 270 F.R.D. 182, 185 (D. Del. 2010).

Courts must especially guard against misuse of prosecution bars by defendants who initiate parallel review.  In an analogous case, Apple was sued for infringement, obtained an agreed protective order, and then sought *ex parte* reexamination.  *Mirror Worlds, LLC v. Apple, Inc.*, No. 6:08 CV 88, 2009 WL 2461808, at *1 (E.D. Tex. Aug. 11, 2009).  Apple argued that plaintiff's counsel should be barred from participating in the reexamination, despite plaintiff's stipulations to safeguards such as not prosecuting claims.  *Id.*  The court rejected this argument, holding that Apple's confidential information was not at risk.  *Id.* at *2.  The court also expressed "serious concerns about a policy that would encourage defendants to file for reexamination while excluding plaintiff's counsel from participating in the reexamination, thereby forcing a plaintiff to defend a patent in two separate venues with two teams of attorneys," and therefore held that plaintiff's counsel could participate in the reexamination.  *Id.*; *see also Xerox*, 270 F.R.D. at 184 (noting that defendant's confidential information was "basically irrelevant" to reexamination).[6]

---

[6] *See also Unwired Planet LLC v. Apple Inc.*, No 3:12-cv-00505-RCJ (VPC), 2013 WL 1501489, at *6 (D. Nev. Apr. 11, 2013) (denying Apple's request for prosecution bar that would prevent plaintiff's "litigation counsel from assisting in the reexamination in this case where Apple would initiate the reexamination").

Here, the stakes are higher as CBM review is a far more adversarial process than an *ex parte* reexamination.  SightSound must formulate a coherent and consistent strategy in this litigation and the CBM review, which involves the same parties, similar validity arguments, and overlapping prior art references.  Apple's CBM team is staffed by the same attorneys who represent Apple in this lawsuit (with one new attorney as lead counsel).  Apple's CBM petitions even cite declarations and reports by *SightSound's* experts from *this litigation*.  CBM review is thus "part-and-parcel" of Apple's "strategy in the instant case."  *See Hochstein*, 2008 WL 4385494, at *3-*4.  Yet Apple insists that SightSound's litigation counsel should have no role in assisting its PTAB counsel.  In so doing, Apple seeks a shockingly expansive reading of the Prosecution Bar that courts have rejected as utterly inconsistent with its intended purpose following the Federal Circuit's decision in *Deutsche Bank*.  This Court should not allow Apple to unfairly use the Prosecution Bar to stymie SightSound's defense and prevent its attorneys most familiar with the copious prior art references cited by Apple from assisting with CBM responses.  The purpose of the bar is to prevent the inadvertent disclosure of highly sensitive information to competitive decision makers, not to silence a patentee from putting forth relevant arguments or to provide adversaries with greater tactical incentives to initiate parallel proceedings.

### III.    If CBM Review Is Initiated, SightSound's Litigation Counsel Will Not Participate In Drafting Or Amending Patent Claims.

The PTAB has not decided whether to initiate CBM review.  Before it makes this determination, SightSound is entitled to file preliminary responses showing that Apple has not met the threshold for initiating review; such responses are due in approximately two months.  35 U.S.C. § 323 (2012); 77 Fed. Reg. 48,680, 48,730 (to be codified at 37 C.F.R. § 42.207).  At this stage, the PTAB will only examine the SightSound patents and prior art references; Apple's confidential information is completely irrelevant.

If the PTAB initiates review, SightSound's litigation counsel will not draft or amend patent claims.  This sufficiently protects against disclosure and improper use of

confidential information.  *See Grobler v. Apple, Inc.*, No. C 12-1534 JST (PSG), 2013 U.S. Dist. Lexis 65048, at *6 (N.D. Cal. May 7, 2013) (denying Apple's request to prohibit plaintiff's counsel from participating in PTO proceedings because "litigation counsel is prohibited from assisting in any crafting or amendment of patent claims"); *Prolitec*, 2013 WL 2138193, at *4; *see also Mirror Worlds, LLC v. Apple, Inc.*, No. 6:08-cv-00088, ECF No. 104 (E.D. Tex. Aug. 10, 2009) (entering prosecution bar permitting litigation counsel to assist in reexamination, provided they do not prosecute, or reveal protected information).

Moreover, CBM review is not *ex parte* reexamination—which Apple could have requested, and which is conducted in the PTO largely between an examiner and the patent owner, with opportunities for the patent owner to amend or propose new claims.  35 U.S.C. § 302; 37 C.F.R. §§ 1.510, 1.515, 1.550.  Amendments are permitted in CBM review only with leave of the PTAB,[7] unlike in *ex parte* reexamination, where they are proposed as a matter of course.  *See* 37 C.F.R. § 1.530.  Even when amended, claims in CBM review cannot be broadened, but only narrowed. 35 U.S.C. § 326(d)(3); 77 Fed. Reg. 48,680, 48,730 (Aug. 14, 2012) (to be codified at 37 C.F.R. § 42.221(a)(2)(ii)).  AIA post-grant procedures are designed to "identify ambiguities in the claims that can then be clarified through claim amendments."  77 Fed. Reg. 48,680, 48,699 (Aug. 14, 2012); *see also Mirror Worlds*, 2009 WL 2461808, at *2 ("Claims can only be narrowed during reexamination; they cannot be broadened. This is very different from patent prosecution where claim scope is being initially determined.").  Whatever minute risk of incorporating confidential information by amendment is present in *ex parte* reexamination is even further attenuated in CBM review.

Finally, the '573 patent has expired, so its claims cannot be amended at all. Because the prosecution bar only applies to new or amended claims, there is no

_____

[7] 35 U.S.C. § 326(d) (2011); 77 Fed. Reg. 48,680, 48,730 (Aug. 14, 2012) (to be codified at 37 C.F.R. § 42.221).  Indeed, after patentee's proposed amendment, additional motions to amend must be made by joint request with the petitioner or for good cause shown. § 326(d)(2) (2011).

conceivable reason to prohibit SightSound's outside counsel's involvement the two CBM petitions that concern this patent.  For the two petitions concerning the '440 patent, a bar against litigation counsel drafting or amending claims adequately protects against the inadvertent use or disclosure of confidential information.

## CONCLUSION

For the foregoing reasons, SightSound respectfully requests that the Court enter an order stating that the protective order allows SightSound's litigation counsel to participate in CBM proceedings other than drafting or amending patent claims.  In the alternative, in the event the Court determines that the Prosecution Bar in the Protective Order applies to CBM proceedings, SightSound respectfully requests that the Protective Order be modified to permit SightSound's litigation counsel to participate as described above.

Dated: June 5, 2013                        Respectfully submitted,

James DiBoise (*Admitted pro hac vice*)
James.diboise@aporter.com
Michael A. Berta (*Admitted pro hac vice*)
michael.berta@aporter.com
Tracy Tosh Lane (*Admitted pro hac vice*)
tracy.lane@aporter.com
Sean Callagy (*Admitted pro hac vice*)
sean.callagy@aporter.com
ARNOLD & PORTER LLP
Three Embarcadero Center
Seventh Floor
San Francisco, CA  94111-4024
Telephone:     +1 415.471.3100
Facsimile:      +1 415.471.3400

Matthew M. Wolf (*Admitted pro hac vice*)
matthew.wolf@aporter.com
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington D.C.  20004
Facsimile:      +1 202 942 5999

Russell J. Ober Jr.
rjo@muslaw.com
Nicholas J. Bell
njb@muslaw.com
David G. Oberdick
dgo@muslaw.com
MEYER, UNKOVIC & SCOTT LLP
Suite 1300, Oliver Building
535 Smithfield Street
Pittsburgh, PA  15222-2315
Telephone:      (412) 456-2806
Facsimile:      (412) 456-2864

*/s/ James A. DiBoise*